CITY OF BLUE ASH, APPELLANT, *v.* HERBERT, APPELLEE.

(Nos. C-810954 and -810955—Decided October 27, 1982.)

*Messrs. Dinsmore, Shohl, Coates & Deupree* and *Mr. W. Glenn Forrester,* for appellant.

*Mr. R. Scott Croswell III* and *Ms. Elizabeth E. Agar,* for appellee.

*Per Curiam.* These causes came on to be heard upon appeals from the Hamilton County Municipal Court.

The defendant, Charlotte Herbert, was cited by police of the city of Blue Ash to appear in Blue Ash Mayor's Court, to answer charges of violation of Blue Ash Ordinance 70.55, driving under the influence of alcohol, and Ordinance 70.60, weaving. She waived jury trial and after trial to the mayor was found guilty of committing each of the offenses. The defendant thereafter filed in timely fashion an appeal to the Hamilton County Municipal Court pursuant to R.C. 1905.22 through 1905.25. The date of the judgment of conviction in the mayor's court was April 8, 1981. After the case was appealed to the Hamilton County Municipal Court, the clerk of the mayor's court prepared the necessary transcript and delivered it and the original papers to the municipal court.[1] The delivery of these documents, due under R.C. 1905.24 not later than April 23, 1981, was not effected until May 1, 1981. On motion of defendant Herbert, the trial judge, on appeal to the Hamilton County Municipal Court, dismissed the case on October 22, 1981 for late filing of the transcript and original

---

[1] No issue has been raised as to the identity of the clerk of the mayor's court. It is noted that the Ohio Traffic Rules and Ohio Rules of Criminal Procedure provide that the mayor of a municipal corporation having a mayor's court shall be the clerk of that court. Traf. R. 2; Crim. R. 2.

papers from the mayor's court.[2] In ruling on the motion to dismiss, the trial judge, on appeal to the Hamilton County Municipal Court, did express the opinion that the court had no alternative other than dismissal as a means of enforcing the timely filing of the documents and transcript from mayor's courts. The court below further explained its ruling by finding the time limit imposed upon the clerk under R.C. 1905.24 to be a mandatory duty and that the court had no discretion in the matter. The plaintiff-appellant, city of Blue Ash, has assigned as error the granting of defendant-appellee's motion to dismiss. We find the assignment of error to be meritorious.

The original institution of the charges in the mayor's court has not been the subject of any objection. The mayor's court therefore had jurisdiction to hear and determine the charges. R.C. 1905.01. It did so and an appeal was perfected to the Hamilton County Municipal Court in which tribunal the appeal is to proceed as a trial de novo. R.C. 1905.25. Counsel have not brought to our attention any imperative authority from the Supreme Court of Ohio directly relevant to the assigned error herein. Our independent research leads us to the conclusion that the cause *sub judice* presents a question of first impression in Ohio. The specific section of the Revised Code under examination is R.C. 1905.24 which reads as follows:

"Upon the filing of the notice of appeal, the clerk of the mayor's court shall make a certified transcript of the proceedings and deliver such transcript together with the original papers used on the trial, to the court to which the appeal is taken, within fifteen days from the rendition of the judgment appealed from.

"Upon receipt of the transcript and the papers mentioned in this section, the clerk of the court to which the appeal is taken shall file them and docket the appeal."

The result of this appeal depends upon the determination of whether the fifteen-day time limit specified in the last phrase of the first paragraph of the foregoing statute is a mandatory limit or merely a directory limit. The determination will depend upon an interpretation of the statute so as to give effect to the intent of the General Assembly in enacting it. Whether a statute is mandatory or directory is therefore to be determined by a consideration of the entire statute, its nature, object, and the consequences which will result construing the statute as either mandatory or directory. *Schmidt* v. *Weather-Seal, Inc.* (1943), 71 Ohio App. 387 [26 O.O. 322]. Two opinions of the Supreme Court of Ohio are tangentially relevant. In *State, ex rel. Alcorn,* v. *Mittendorf* (1921), 102 Ohio St. 229, the court interpreted a statute reading in part as follows:

"The county commissioners, at each September session, shall cause the list of persons delinquent in the payment on personal property to be publicly read. * * *" (G.C. 5696.)

It was held to be merely directory in the *time* of reading of the delinquent list although the *act* of reading the list was mandatory. See *Bd. of Cty. Commrs.* v. *Arnold* (1902), 65 Ohio St. 479. The Supreme Court further noted in reaching its conclusion that to reach a contrary conclusion, *i.e.,* to declare the time of reading to be mandatory, would be to frustrate the will of the legislature because of the nonfeasance of one of the other co-equal branches of our constitu-

---

[2] The record as certified to this court does not reflect the making of the motion either orally or in writing. The record does contain a memorandum of the city of Blue Ash in opposition to the motion to dismiss. The memorandum was filed by the city of Blue Ash on October 2, 1981.

tional governmental organization. In like manner, in the cause *sub judice,* we find the obligation of the clerk under the terms of R.C. 1905.24 to be mandatory in reference to the preparation of the transcript of the proceedings before the mayor's court but only directory in reference to the delivery of the transcript within fifteen days to the court to which the appeal is taken. So long as a duly authenticated transcript is before the court when a case is called for hearing, no actual harm has been done to either party. *Columber* v. *Kenton* (1924), 111 Ohio St. 211. In the case here on review, the transcript was admittedly filed eight days late but the case was not called for trial until some four months after the transcript was filed. On this record, and without more which demonstrates the prejudice to defendant-appellee Herbert, we find that the Hamilton County Municipal Court erred in dismissing the case.[3] Accordingly, the judgment hereby appealed from is reversed and the cause is remanded to the Hamilton County Municipal Court for further proceedings not inconsistent herewith.

*Judgment reversed and*
*cause remanded.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.

---

[3] Because we are reversing the dismissal entered below, we reserve for future determination, should an appropriate case be appealed, the continuing effect of a judgment of conviction in a mayor's court when the convicted defendant appeals for a trial de novo and then procures the dismissal of the appeal.