**VILLAGE of AMBERLEY**

v.

**MIZE.** █

Hamilton County Municipal Court.

No. M99TRD–53920.

Decided April 14, 2000.

34

*Stephen Cohen,* Solicitor, for plaintiff.

ROBERT TAYLOR, Judge.

## I.  PROCEDURAL

On August 18, 1999, the defendant was cited for a traffic violation in Amberley Village, Ohio. Specifically, he was charged with operating his motor vehicle at seventy miles per hour in a posted fifty-mile-per-hour zone, and in a manner that was unsafe for the conditions.  He was charged with a violation of Village Ordinance No. 73.10.

The defendant was summoned to appear at the Amberley Village Mayor's Court on September 15, 1999.  After several defense continuances, the defendant pleaded not guilty to the charge on November 10, 1999.  Defendant was subsequently convicted and sentenced on that date.

On November 17, 1999, a notice of appeal was filed in the mayor's court.  On December 9, 1999, a transcript from the Amberley Village Mayor's Court was filed with the Clerk of Courts for the Hamilton County Municipal Court.  The case was set for its initial appearance in the municipal court in arraignment Room B on December 28, 1999.  On that date, defendant's counsel entered a written plea of not guilty, whereby the case was assigned to the undersigned trial court judge.  Defendant scheduled the matter for a trial *de novo* on January 10, 2000. Prior to the trial, and on or about December 28, 1999, defendant filed a written motion to dismiss the charges.  On January 10, 2000, defendant made an oral request to supplement the pending motion to dismiss, which was granted by the court.  Defendant filed his supplement with the court on January 11, 2000, and again modified the motion on January 20, 2000.

## II.  FACTS

It is uncontested that the defendant appeared before the mayor's court, was convicted of the speeding charge, was fined $32.50 plus court costs for a total of $52.50, the defendant paid his fine, the defendant timely filed a notice of appeal

on November 17, 1999, and that a certified transcript of proceedings was filed with the clerk of courts on December 9, 1999.

The transcript, which is dated November 23, 1999, consists of five pages. The cover page is a certification by the mayor that the attachments are the original citation, and true and exact copies of the court docket and the defendant's notice of appeal. The second page is defendant's notice of appeal. The third page is a document titled Mayor's Court Solicitor's Form. The fourth page consists of the top three sheets of the Ohio Traffic Ticket for the instant offense. The fifth page is Amberley Village Mayor's Court Completed Docket for November 10, 1999, as it relates to this defendant.

It is also uncontested that Amberley Village returned the fine money to the defendant, and any issue regarding it has been thus rendered moot.

The court finds that on December 28, 1999, defendant's counsel entered his appearance of record, and scheduled January 10, 2000 as the trial date for his client. The court finds that thirty-two days elapsed between the filing of the transcript and the day of the trial *de novo*. The court judicially notices that January 8, 2000 was a Saturday, and that January 10, 2000 was the following Monday. The court finds that all continuances, from January 10, 2000 through the date of this decision, are at the defendant's request.

Defendant's Motion to Dismiss raises five arguments for dismissal:

"1.   Defendant's right to a speedy trial has been violated.

"2.   Amberley Village failed to timely file the transcript as governed by R.C. 1905.24.

"3.   The transcript of the proceedings was certified by the mayor and not the clerk of the mayor's court as required by R.C. 1905.24.

"4.   The documents contained in the transcript of the proceedings are insufficient in that it fails to contain a judgment entry signed by the mayor as required by May.R.12(D).

"5.   None of the documents which are part of the transcript of the proceedings have a time-stamped filing date from the clerk of the Amberley Village mayor's court."

## III.   LAW AND ARGUMENT

1.   Defendant's right to a speedy trial has been violated.

A mayor's court has jurisdiction to hear "any prosecution for the violation of an ordinance of the municipal corporation." R.C. 1905.01. Defendant raises no objection to the proceedings before the mayor's court, which are presumed to have been proper. *Portage v. Belcher* (1996), 117 Ohio App.3d 90, 689 N.E.2d

1032.  A mayor's court is not a court of record.  Accordingly, an appeal to the municipal court is to proceed as a trial de novo.  R.C. 1905.22 *et seq.*  Defendant shall file his notice of appeal with the mayor's court within ten days from the time the mayor renders judgment.  R.C. 1905.23.  Upon the filing of the notice of appeal, the clerk of the mayor's court shall, within fifteen days from the rendition of the judgment, make a certified transcript of the original papers and file same with the municipal court.  R.C. 1905.24.

■ Regarding statutory time limitations for trial, a person against whom a charge is pending in a court of record, or a minor misdemeanor in a court of record, shall be brought to trial within thirty days after arrest or service of summons.  R.C. 2945.71.

The defendant herein was charged with speeding, a minor misdemeanor, and was subsequently convicted and sentenced by the Amberley Village Mayor's Court.  The offense occurred on August 18, 1999, with the defendant cited to mayor's court on September 15, 1999.

The matter was continued at defendant's request until October 13, 1999, and again until November 10, 1999.  These continuances were at the defendant's request, and extend the time limits of R.C. 2945.71.  See R.C. 2945.72(H).  Therefore, the defendant was brought to trial before the mayor's court in a timely manner.

■ The next portion of defendant's claim to be decided is whether he was offered a speedy trial before the municipal court.  The statute is silent regarding the procedure to be followed in this instance.  The defendant cites *Johnstown v. Tullos* (1993), 63 Ohio Misc.2d 155, 620 N.E.2d 278, a case out of the Licking County Municipal Court.  That trial court found that the speedy trial statute governs an appeal from a finding of guilty by a mayor's court to a municipal court pursuant to R.C. 1905.22.  In support of its decision the trial court relied upon the Court of Appeals for Clermont County in the case of *Bethel v. Fiscus* (Dec. 26, 1989), Clermont App. Nos. CA89–05–037 and CA89–05–038, unreported, 1989 WL 154733.

The prosecution relies upon two separate cases.  In *Blue Ash v. Herbert* (1982), 7 Ohio App.3d 381, 7 OBR 482, 455 N.E.2d 1072, the First District Court of Appeals held that the fifteen-day filing requirement set forth in R.C. 1905.24 was directory only.  In that case the transcript was delivered eight days beyond the statutory time limit, but prior to trial date.  The court of appeals held that, "without more which demonstrates the prejudice to [defendant] we find that the [trial court] erred in dismissing the case." *Id.* at 383, 7 OBR at 484, 455 N.E.2d at 1074.  The prosecution also cited *Portage v. Belcher, supra.*  However, that case dealt with a removal of a case pursuant to R.C. 1905.032 and not an appeal

pursuant to R.C. 1905.25. In any event, the *Portage v. Belcher* court cited *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 661 N.E.2d 706, as controlling. In *Brecksville v. Cook,* the Supreme Court of Ohio held that "the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court." *Id.* at 60, 661 N.E.2d at 710. Assuming, *arguendo,* that the same reasoning would apply to an appeal, the defendant herein must then be tried within thirty days from December 9, 1999, the day the transcript was filed with this court. The last day for trial would have been January 8, 2000. However, that day was a Saturday. In this event, the trial must be on the following Monday, January 10, 2000. Crim.R. 45(A). Following the reasoning contained in *Brecksville v. Cook,* this case was timely scheduled for a trial *de novo* on January 10, 2000. It was subsequently continued at defendant's request by virtue of his motion to dismiss.

The above argument notwithstanding, the First District Court of Appeals has decided the case of *Madeira v. Wilson* (Apr. 10, 1985), Hamilton App. No. C–840437, unreported, 1985 WL 6731, which dealt with an appeal from a mayor's court. In that case a timely notice of appeal was filed on February 3, 1984. On February 22, 1984, a transcript was filed with the trial court, and the matter was set for trial in the municipal court on March 14, 1984. The court of appeals held that the speedy trial mandates set forth in R.C. 2945.71(A) are not applicable to retrials, and cited in support, *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. The court of appeals' reasoning was that the defendant was already afforded a trial in the mayor's court. The trial *de novo* in the municipal court is now regarded as a retrial.

Because the decision in *Madeira v. Wilson* was from this appellate district, it is this court's position that the statutory requirements of R.C. 2945.71(A) do not apply to the facts of this case. Under these circumstances, the only issue left to be decided is whether the within case was retried within a reasonable time. Speedy trial rights guaranteed by the Ohio Constitution, Section 10, Article I, are essentially equivalent to those in the Sixth and Fourteenth Amendments to the United States Constitution. *State v. Butler* (1969), 19 Ohio St.2d 55, 57, 48 O.O.2d 77, 78, 249 N.E.2d 818, 819–820.

The Sixth Amendment to the United States Constitution guarantees a defendant a right to speedy trial after arrest. This guarantee is designed to minimize pretrial incarceration, reduce the impairment of liberty imposed on defendant while on bail, and shorten the disruption of life caused by arrest and unresolved criminal charges. *United States v. MacDonald* (1982), 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696. The correct standard to be applied is reasonableness under the federal and state Constitutions. *State v. Fanning, supra.* In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the Supreme Court

promulgated a four-part test to analyze Sixth Amendment speedy trial claims. This reasonableness test balances (1) the length of the delay, (2) the reason for the delay, (3) whether and how the defendant asserted the speedy trial right, and (4) the amount of prejudice to the accused. None of these four factors alone is to be considered a necessary or sufficient condition to the finding of a deprivation of the speedy trial rights. *Id.* at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118–119. However, with respect to the first factor, the court in *Barker v. Wingo* declared that the length of delay is to some extent a triggering mechanism, so that until there is some delay that is presumptively prejudicial, there is no necessity for inquiring into the other factors. *Id.* at 530, 92 S.Ct. at 2191–2192, 33 L.Ed.2d at 116–117.

In *State v. Turner* (1982), 4 Ohio App.3d 305, 4 OBR 556, 448 N.E.2d 516, eleven and one-half months elapsed between the time the defendant's first convictions were reversed and the time his second trial was to commence. There the court found that the delay "is not necessarily such a long delay as to violate the speedy trial provision of the United States or Ohio Constitutions." *Id.* at 306, 4 OBR at 558, 448 N.E.2d at 519. In *Barker v. Wingo, supra,* there was a five-year delay. In *State v. Billups* (Aug. 15, 1991), Franklin App. No. 91AP–68, unreported, 1991 WL 160059, "148 days passed between the remand * * * to the trial court and defendant's second trial." *Id.* at 2. Accordingly, this court finds that this case was set for a trial *de novo* in a timely manner from the date of the filing of the transcript, which was a delay of only thirty-two days. *Portage v. Belcher; Brecksville v. Cook;* Crim.R. 45(A). The court finds that setting this case for a trial *de novo* on January 10, 2000 was reasonable under the facts and not presumptively prejudicial to the defendant.

■ 2. Amberley Village failed to timely file the transcript as governed by R.C. 1905.24.

R.C. 1905.24 provides, *inter alia,* that a transcript and the original papers shall be delivered to the municipal court "within fifteen days from the rendition of the judgment appealed from." In this case, the transcript and original papers were filed with this court twenty-two days after the filing of the defendant's notice of appeal and twenty-nine days after the "rendition of the judgment." However, the First District Court of Appeals, in *Blue Ash v. Herbert, supra,* has held that this requirement is directory only. Accordingly, the argument is without merit.

3. The transcript of the proceedings was certified by the mayor and not the clerk of the mayor's court as required by R.C. 1905.24.

■ R.C. 1905.24 provides, *inter alia,* that upon the "filing of the notice of appeal, the clerk of the mayor's court shall make a certified transcript." However, a clerk of court is defined as the mayor of a municipal corporation having a

mayor's court. Crim.R. 2(I); Traf.R. 2. Since the transcript was certified by the mayor, this argument is without merit.

4. The documents contained in the transcript of the proceedings are insufficient in that it fails to contain a judgment entry signed by the mayor as required by May.R. 12(D).

May. R. 12(D) provides:

"(D) The mayor shall make a judgment or journal entry with regard to each case of which the mayor disposes. The entry shall indicate a finding of guilt, innocence, or dismissal without a finding, the disposition of the case, and other required information. The entry shall be signed by the mayor and journalized on the record."

█ The documents contained in the transcript filed in this case are more substantial than those approved in *Madeira v. Wilson, supra.* In that case the transcript consisted only of a photocopy, with the mayor's notations on the back, which indicated a finding of guilty and imposing a $20 fine and court costs.

Because this is an appeal that requires a trial *de novo,* one must look at the purpose for a judgment entry signed by the mayor. The Supreme Court promulgated May.R. 1 for the "fair, competent, and efficient operation of mayor's courts throughout Ohio." However, it is this court's position that Amberley Village filed its transcript in substantial compliance with Ohio law. Any error is harmless because the only arguable purposes for requiring a signed judgment entry are to be able to determine the amount of the fine if any, and to be able to calculate the jurisdictional last day on which a defendant may file his notice of appeal. In this case, the defendant's fine has been returned and is no longer at issue. Amberley Village makes no claim that the notice of appeal was not timely filed. In any event the time limit begins to run "[w]ithin ten days from the time a mayor *renders* judgment." (Emphasis added.) R.C. 1905.23. To render judgment is to pronounce, state, declare, or announce the judgment of the court in a given case. Black's Law Dictionary 1460 (4 Ed.1968). Accordingly, in order to properly calculate the statutory time frames, a judgment entry signed by a mayor is not required.

5. None of the documents which are part of the transcript of the proceedings have a time-stamped filing date from the clerk of the Amberley Village mayor's court.

Although defendant raises this issue as a reason to dismiss the pending case, this court could find no authority to support the claim. Without more which demonstrates a prejudice to the defendant, this claim is found to be without merit.

## IV. DECISION

Based upon the foregoing, the defendant's motion to dismiss the pending traffic matter is hereby denied. The court finds that the original date set for trial *de novo* was proper and timely. The court finds that since the trial *de novo* date, all time is charged to the defendant. The court does hereby further extend the time limits of R.C. 2945.71, if applicable, to the date this decision is announced to the parties in open court and on the record. Trial is set for the same date this decision is announced.

IT IS SO ORDERED.

*Judgment accordingly.*