MITCHELL, ADMR., APPELLANT, *v.* THE NEW YORK CENTRAL RD. CO., APPELLEE.

(No. 1049—Decided February 5, 1955.)

*Messrs. Bowers, Feighner & Palmer* and *Messrs. Strelitz, Halberstein & Mitchell,* for appellant.

*Mr. Ralph E. Carhart* and *Mr. Robert O. Stout,* for appellee.

MIDDLETON, J. This is an appeal on questions of law from a judgment entered by the Court of Common Pleas of Marion County in an action for the wrongful death of McClellan Miller, brought by the administrator of his estate.

Upon trial, the jury returned a verdict for the defendant and final judgment for the defendant was rendered. It is from such judgment that appeal is prosecuted to this court.

At the time of the collision the plaintiff's decedent was riding as a passenger in an automobile owned and driven by one Braden A. Meadows. In an attempt to cross defendant's tracks at Front Street in LaRue, Marion County, Ohio, a collision occurred between a passenger train operated by the defendant and the automobile driven by Braden A. Meadows. Both McClellan Miller and Braden Meadows were killed.

Plaintiff's petition alleges that plaintiff's decedent's death was caused solely by reason of the carelessness and negligence of the defendant in that the defendant's train, at the time of the collision, was being operated at a dangerous and reckless speed

of 80 miles per hour, and that defendant failed to sound the whistle or ring the bell and failed to signal the approach of said train.

Defendant's answer denies that defendant was negligent, as alleged, or otherwise, and avers that if it should appear or be shown that defendant was negligent, the plaintiff's decedent was guilty of contributory negligence directly and proximately causing his death.

The plaintiff sets out 11 assignments of error. The first seven assignments set forth errors claimed to have been committed by the trial court in giving to the jury special instructions requested by the defendant. The eighth assignment is that the trial court erred in excluding from the courtroom during the trial the widow and three minor children of the plaintiff's decedent. The ninth assignment of error is that the trial court erred in overruling plaintiff's motion for a new trial. The tenth assignment of error is that the verdict of the jury is contrary to law. The eleventh assignment relates to other errors apparent upon the face of the record.

These claimed errors of the court will be considered in their order.

For his first assignment of error, the plaintiff asserts the court erred in giving to the jury special charge number two requested by the defendant. This charge reads as follows:

"The court says to you, as a matter of law, that as between an automobile and a train approaching a crossing, the train has the right of way.

"The law recognizes the fact that ordinarily, because of unalterable circumstances, railroad companies in the operation of fast-moving trains, cannot be responsible for grade-crossing collisions, and that the burden of avoiding such collisions rests, for the most part, upon the operators of vehicles using such crossings. This rule is made necessary because railroad trains are, in their operation, confined to fixed tracks, and, because of their weight and momentum, cannot be readily stopped within a short distance or space of time."

The language of this charge is copied in part from the opinion of Judge Hart in the case of *Woodworth, Admx.,* v. *New York Central Rd. Co.,* 149 Ohio St., 543, 549, 80 N. E. (2d), 142.

In the *Woodworth case*, the plaintiff was the administrator of the deceased who was the driver and only occupant of the automobile at the time of the collision. In the case at bar, the plaintiff's decedent was a guest riding in the automobile at the time of the collision.

Whether the opinion in that case, which includes the instruction given, states the law or is obiter dictum may be questioned; but, whether it is obiter or not, it is not applicable to the facts in the present case and is misleading in that it states that a railroad company, in the operation of fast-moving trains, cannot be responsible for grade-crossing collisions, and that the burden of avoiding such collisions rests, for the most part, upon the operators of vehicles using such crossings.

Following the statement of the court as set forth in the above-referred-to opinion, the court continued with the following qualifying statement limiting the application of the rule set forth:

"Of course, if tracks at crossings are so poorly maintained as to cause a vehicle crossing them to break down or be impeded, or if crossing gates are left open, or if a driver is deceived by the signals of a crossing watchman or if the driver is otherwise *misled by railroad operation, a different rule obtains.*" (Emphasis added.)

The instruction as given by the court does not contain the above qualifying or limiting statement and, as given, was misleading and prejudicial to the plaintiff.

The giving to the jury of the fifth special charge requested by the defendant is the second assignment of error set forth by plaintiff. This instruction reads as follows:

"The court says to you, as a matter of law, that where the danger at a railroad crossing is increased by conditions obstructing vision, greater than ordinary care or caution are imposed upon one about to pass over such crossing. When an automobile driver, who, because of obstructions, cannot be otherwise sure whether a train is dangerously near, must stop and get out of his vehicle and look, applies both to an open crossing in the country and a crossing in a municipality. If a motorist's view of an approaching passenger train is partly obscured at a crossing by standing freight cars, he is required

to use a greater degree of care before attempting to cross the tracks.''

By the great weight of authority, this charge does not state the law.

''One riding as a guest in an automobile does not assume the responsibilities of the driver, and the driver's negligence may not be imputed to him. He is required to exercise that care for his own safety which persons of ordinary care and prudence are accustomed to exercise under the same or similar circumstances, and that test should be applied in an action wherein he seeks to recover damages for injuries sustained in a collision of such automobile and a railroad train at a grade crossing.'' *Hocking Valley Ry. Co.* v. *Wykle, Jr., a Minor*, 122 Ohio St., 391, 171 N. E., 860.

The courts of Ohio have not differentiated as to the degree of care in an action for damages for a tort, the rule being that an individual is obligated to use ordinary care.

What constitutes ordinary care varies with the facts and circumstances of each case. However, while the amount of care required may be different under various conditions, the degree required is the same, namely, that of ordinary care under all the circumstances. In other words, the amount of care exacted in specific cases may be increased or diminished according to the circumstances, but the standard does not change. 29 Ohio Jurisprudence, 408, Negligence, Section 26.

This statement of the rule is supported by a long list of authorities. A few may be cited. *Wabash Rd. Co.* v. *Skiles*, 64 Ohio St., 458, 60 N. E., 576; *Baltimore & Ohio Rd. Co.* v. *McClellan, Admx.*, 69 Ohio St., 142, 68 N. E., 816; *Ohio Electric Ry. Co.* v. *Weingertner*, 93 Ohio St., 124, 112 N. E., 203.

Judge Welch, in the case of *Bellefontaine Ry. Co.* v. *Snyder*, 24 Ohio St., 670, 676, states the rule as follows:

''The degree of care and caution required by the law to be exercised by either party is the same—namely, 'ordinary' care and caution. It is denominated 'ordinary,' in the sense that it is such as persons of ordinary care and caution usually observe under like circumstances; and it is sometimes denominated the 'highest' degree of care and caution, in the sense that

persons of ordinary care and caution usually observe their highest degree of care and caution under such circumstances; that is, where human life is in peril. It is 'ordinary' care and caution, with reference to the *class of persons* who exercise it, but it is the 'highest' degree of care and caution with reference to the *circumstances* under which it is to be exercised.''

The opinion in *Woodworth* v. *New York Central Rd. Co.,* 149 Ohio St., 552, 80 N. E. (2d), 142, cited by the defendant, is in harmony with the rule stated.

It is stated in the opinion that, where conditions increase the danger, greater care and caution are imposed upon one about to pass over a crossing. The quantum or amount of care and caution varies with the circumstances, but not the degree. The degree of care remains the same, to wit, ordinary care which is that degree of care an ordinarily reasonable and prudent person would exercise under the same or similar circumstances.

Even if it is held that the charge as given is applicable in the instant case involving a guest riding in an automobile, the charge places a greater burden upon one about to pass over a railroad crossing than the law requires.

This court is of the opinion that the charge as given was erroneous, and the error of the court was prejudicial to the plaintiff.

Plaintiff's assignments of error numbers 3, 4, 5, 6 and 7 refer to special instructions numbers 12, 13, 14, 15 and 16 given by the court to the jury.

It is contended by the plaintiff that these five special instructions were erroneous in that they are repetitious.

''In considering a series of special requests to charge, given before argument, it is the duty of the court to consider each separate charge given in connection with all other separate charges given upon the same subject.'' *Wymer-Harris Construction Co.* v. *Glass, Admx.,* 122 Ohio St., 398, 171 N. E., 857, 69 A. L. R., 517.

From an examination of special charges 12 and 13 it is seen that these charges are to all intents and purposes the same, although stated in a different way.

Charge number 12 deals with the failure of the driver of the automobile "to look and listen at such time and in such a manner as to be effective."

Charge number 13 deals with the driver's "failing to stop, look and listen for approaching trains at a time when such would be effective."

Charge number 15 contains the same proposition, only using different language: "If you find that the driver of the automobile, had he looked and listened at the proper time and in the proper manner would have seen the approaching train, and had he been approaching the crossing at a reasonable speed under the circumstances could have stopped his automobile."

Charge number 14 also deals with the rule set forth in the other charges: "and the negligence of the driver of the automobile in approaching the crossing either at an excessive speed or without reducing his speed so that he would be able to stop upon seeing the approaching train."

It is the opinion of this court that these charges are repetitious and should not have been given to the jury, and in giving the charges the court erred to the prejudice of the plaintiff.

In the view of this court, instruction number 16 correctly states the law, and plaintiff's assignment of error number 7 is without merit.

Plaintiff assigns as his eighth error that the court erred in excluding from the courtroom during the trial the widow and three minor children of plaintiff's decedent.

A close reading of the bill of exceptions fails to disclose any motion made by the defendant for a separation of witnesses and fails to disclose any order of the court granting such a motion and ordering a separation of witnesses. There is, therefore, nothing in the record showing that the widow and minor children were excluded from the courtroom during the trial. Plaintiff's eighth assignment of error is without merit.

Error having been found in the particulars heretofore set out, it follows that the ninth assignment of error is well taken, and the court erred in overruling plaintiff's motion for a new trial.

For the reasons herein stated, the judgment of the court

below is reversed and the cause is remanded to the trial court for a new trial and further proceedings according to law.

*Judgment reversed.*

YOUNGER, P. J., and QUATMAN, J., concur.