HUNTINGTON NATIONAL BANK, APPELLANT, *v.* MILLER ET AL., APPELLEES.

(No. 87AP-51—Decided April 14, 1987.)

*Porter, Wright, Morris & Arthur* and *Christopher D. Trail,* for appellant.

*Knepper, White, Arter & Hadden* and *Raymond P. Cunningham;* and *James B. Dobbs,* for appellees.

WHITESIDE, J. Plaintiff-appellant, Huntington National Bank, has filed a motion for reconsideration of this court's dismissal of this appeal.

Plaintiff concedes that the record on appeal indicates that the notice of appeal was not timely filed. However, plaintiff contends that a non-lawyer employee of its counsel attempted to file the notice of appeal on the last day for filing, but the clerk of the trial court requested a $40 deposit, which the employee did not have. The employee did not leave the notice of appeal with the clerk, nor request that it be accepted and held until he could return with the requested deposit, nor did he call his office for instruction, but, instead, he returned to the office of plaintiff's counsel after the clerk's office had closed for the day.

Arguably, if this be correct it could justify a court in considering as erroneous the trial court clerk's indication of filing as being January 12, 1987, rather than January 9, 1987. However, the record on appeal reflects the filing as being January 12, 1987, and this court must accept the certification by the clerk of the trial court that this is correct.

If there be a clerical error in the record on appeal as to the date of the filing of the notice of appeal, plaintiff's remedy is to seek relief from the trial court pursuant to Civ. R. 60(A). However, this court makes no determination as to whether a deposit or filing fee is required nor as to whether the alleged request of the clerk for the $40 payment was authorized or proper. However, we do note that ordinarily the clerk cannot refuse to accept papers for filing if the determination of propriety of filing constitutes a question of law since only a court can determine the rights of a party. Furthermore, if a party presents a paper for filing and the clerk refuses to accept the paper for filing, the clerk should so indicate on the docket, together with the reason for refusal. The docket here contains no such notation.

Accordingly, the motion for reconsideration is denied.

*Reconsideration denied.*

REILLY and BRYANT, JJ., concur.