Appellant, Ricart North, Inc. ("Ricart"), appeals from a judgment of the Franklin County Court of Common Pleas granted in favor of appellee, B.W. Towing, Inc. ("B.W. Towing"), on Ricart's claim for conversion of a motor vehicle. Appellant sets forth the following assignment of error.
 The Trial Court committed error by adopting the Magistrate's Report and Recommendation finding Defendant/Appellee not liable for conversion.
Before addressing appellant's assignment of error, we must determine whether the notice of appeal was timely filed. App.R. 3(A) and 4(A) provide, in part, as follows:
RULE 3. Appeal as of right — how taken
 * * * An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. * * *
* * *
RULE 4. Appeal as of right — when taken
 * * * [W]ithin thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
The judgment entry was filed June 15, 1998, and Ricart's notice of appeal is file-stamped by the clerk of the Franklin County Court of Common Pleas July 16, 1998. Appellant's attorney filed an affidavit with this court in which he states that the notice of appeal was timely mailed to the clerk of courts for the trial court, along with a filing fee of $40; that, on July 16, 1998, he was contacted at his office by telephone by the clerk and notified that an additional $8 for the filing fee was required; that the funds were sent by courier on July 16, 1998, and delivered to the clerk's office several hours later. Appellant has also filed an affidavit of Rindy Marcum, a deputy clerk of courts, who states that, in July 1998, she was the acting supervisor and that the clerk's office received Ricart's notice of appeal on July 15, 1998, but it was not filed until July 16, 1998, as the accompanying payment was insufficient and an additional $8 was required. The deputy clerk further stated in her affidavit that appellant's counsel was not notified that the funds were insufficient to pay the filing fees until July 16, 1998, and that the notice of appeal was held until the additional funds were presented.
In Huntington Natl. Bank v. Miller (1987), 36 Ohio App.3d 208, this court stated that, when a notice of appeal is presented to the clerk of courts for filing and the clerk refuses to accept the notice of appeal, the clerk should indicate the refusal and the reason on the docket. Although not noted on the docket as required by Miller, the affidavit of Rindy Marcum indicates that the notice of appeal was timely received but not filed by the clerk because of an insufficient deposit for costs. Under these circumstances, we find the notice of appeal was timely filed in accordance with Miller,
and we do not address the issue of whether the clerk could refuse to file a notice of appeal until such time as a deposit was received. Appellee's motion to dismiss is overruled.
In its assignment of error, Ricart alleges that the trial court erred when it adopted a magistrate's decision that found B.W. Towing had not converted a car owned by it.
In 1995, a certificate of title was issued to Ricart for a 1993 Toyota Camry. Ricart delivered the car to a potential customer and the car was later listed on its inventory as missing in February and March 1996. Ricart later learned the car had been titled in the name of B.W. Towing.
On October 26, 1995, B.W. Towing towed the vehicle to its impounding lot and Mike Posey, owner of B.W. Towing, obtained a repair estimate of $13,671.68. On November 15, 1995, B.W. Towing sent a notice by certified mail, as required by R.C.4505.101, to Ricart stating that the vehicle had been impounded. The notice was returned marked refused. A second attempt to notify Ricart by certified mail resulted in the letter being returned marked "attempted, not known." B.W. Towing then completed an unclaimed vehicle affidavit and obtained a certificate of title.
Ricart filed a complaint alleging conversion and the matter was referred to a magistrate. The magistrate found that, while the evidence was conflicting, B.W. Towing had sent a notice that met the requirements of R.C. 4505.101, that the car had a value of less than $300 and decided judgment should be granted to B.W. Towing. No objections were filed to the magistrate's decision and it was accordingly adopted by the trial court. Civ.R. 53(E)(3)(b) and (4)(a) provide, in part:
 (b) * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
* * *
 (a) * * * The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
In In the Matter of the Adoption of Williams (Feb. 25, 1997), Franklin App. No. 96APF06-778, unreported (1997 Opinions 459), this court recognized that, if a party fails to file objections to a magistrate's findings of fact or conclusions of law, any right to appeal from those findings or conclusions is waived. In Williams, the court also found that "an error of law or other defect on the face of the magistrate's decision" is one that amounts to an apparent error. See, also, 1995 staff note to Civ.R. 53(E)(4).
Ricart argues that there is an error of law on the face of the magistrate's decision, in that the notice sent by B.W. Towing did not comply with R.C. 4505.101, and that the magistrate failed to address the issue of fraudulent misrepresentations made by B.W. Towing to the Bureau of Motor Vehicles in order to obtain a title. Upon a review of the magistrate's decision, we find there is no error or defect on the face of the magistrate's decision and, thus, the trial court did not err in adopting it.
R.C. 4505.101, in effect when B.W. Towing obtained title to the vehicle, provided:
 (A) The owner of any repair garage or place of storage in which a motor vehicle with a value of less than three hundred dollars has been left for fifteen days may send by certified mail, return receipt requested, to the last known address of the owner a notice to remove said vehicle. If the motor vehicle remains unclaimed by the owner for fifteen days after the mailing of such notice, the person on whose property the vehicle has been abandoned shall obtain a certificate of title to such motor vehicle in his name in the manner provided in this section.
Contrary to appellant's assertion, the statute did not require Ricart to be informed that the vehicle had been unclaimed for fifteen days; rather, the statute states that, when the vehicle has been unclaimed for fifteen days, the person in possession of the vehicle may send a notice to the title owner. The vehicle was towed by B.W. Towing to its property on October 26, 1995, and the notice was dated November 15, 1995. Thus, at least fifteen days had elapsed. Likewise, the statute does not require that the notice state the title holder has fifteen days in which to reclaim the vehicle; rather, it states if the vehicle is unclaimed by the person who has title, the person who has possession of the unclaimed vehicle may obtain title from the Bureau of Motor Vehicles fifteen days after mailing the notice. B.W. Towing did not apply for the certificate of title until March 1996. Last, although the notice is required to be sent by certified mail, there is no requirement that the notice actually be received. Thus, there was no error by the magistrate in finding B.W. Towing complied with the notice requirement in R.C. 4505.101.
Ricart also alleges that the magistrate failed to address its claim that B.W. Towing made fraudulent misrepresentations to the Bureau of Motor Vehicles in order to obtain a title. The magistrate specifically found that there was "no evidence that the estimate provided by Brown's Auto was false or that Defendant shopped for the highest estimate for the sole purpose of reducing the value of the vehicle. Without such evidence, this Magistrate is reluctant to find that Defendant provided false information on the affidavit as it relates to the cost of repairs. There was simply no evidence to support such an allegation." Although the magistrate used the term "false," the magistrate nonetheless addressed the basis for Ricart's claim of fraudulent misrepresentation.
Despite the language in which it is couched, appellant's argument is that the magistrate's decision is against the manifest weight of the evidence but, by failing to file objections, appellant waived the right to raise this issue on appeal.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and BRYANT, JJ., concur.