RHOADES, Appellant,

v.

HARRIS, Appellee.

[Cite as *Rhoades v. Harris* (1999), 135 Ohio App.3d 555.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–981000.

Decided Oct. 15, 1999.

*David H. Landis,* for appellant.

*Davidson Law Offices Co., L.P.A.,* and *David T. Davidson,* for appellee.

*Per Curiam.*

On December 13, 1995, plaintiff-appellant, Patricia A. Rhoades, was involved in an automobile accident with defendant-appellee, John C. Harris II. She filed a complaint against Harris that the clerk of the Hamilton County Court of Common Pleas time-stamped on December 16, 1997. Harris filed a motion to dismiss the complaint or, in the alternative, a motion for summary judgment, in which he argued that Rhoades's complaint was filed outside the two-year statute of limitations set forth in R.C. 2305.10(A).

In response, Rhoades provided evidentiary materials showing that her attorney had drafted and mailed the complaint with thirty-two cents in postage to the clerk

on December 9, 1997. The date the statute of limitations would have run, December 13, 1997, was a Saturday. The next business day was Monday, December 15, 1997. That day, the envelope in which the complaint was mailed was returned to Rhoades's attorney's office, marked "refused by addressee" because of twenty-three cents in postage due. After calling the clerk's office for instructions, Rhoades's attorney again sent the complaint and the original envelope to the clerk by Federal Express that same day. The complaint was stamped December 16, 1997, even though it had been originally tendered to the clerk no later than Friday, December 12, 1997.

The trial court granted summary judgment in Harris's favor, and Rhoades filed a timely appeal from that judgment. In her sole assignment of error, Rhoades states that the trial court erred in granting Harris's motion for summary judgment based upon the running of the statute of limitations. She argues that she originally tendered her complaint before the running of the statute of limitations and that it would have been timely filed but for the clerk's refusal to accept it. We find this assignment of error to be well taken.

R.C. 2305.03 provides that a civil action can be commenced only within the applicable limitations period set forth in R.C. 2305.03 through 2305.22. "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A). Simply mailing a document does not constitute a filing. It must be actually delivered to and received by the official custodian. *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 497–500, 200 N.E. 636, 637–638; *Duffy v. Hamilton Cty. Bd. of Commrs.* (1994), 92 Ohio App.3d 717, 721, 637 N.E.2d 71, 73; *Great N. Properties Co. v. McCormack* (Mar. 10, 1994), Cuyahoga App. Nos. 64868, 64893, 64912, 65346, 65504 and 66586, unreported, 1994 WL 77895. "The filing of a document can only be accomplished by bringing the paper to the attention of the clerk, so it can be accepted by him as the official custodian." *Ins. Co. of N. Am. v. Reese Refrig.* (1993), 89 Ohio App.3d 787, 790, 627 N.E.2d 637, 639.

Further, the Revised Code requires the clerk to endorse the date of filing on each document filed in a case, and the file-stamped date is presumed to reflect the actual date of filing. *Id.*, at 790–791, 627 N.E.2d at 639. However, that presumption can be refuted by evidence showing that the clerk received the document on a different date. *Kloos v. Ohio Dept. of Rehab. & Corr.* (May 3, 1988), Franklin App. No. 87AP–1215, unreported, 1988 WL 44745.

The clerk, as a ministerial officer of the court, has a duty by law to accept and file documents tendered to him or her. *State ex rel. Dawson v. Roberts* (1956), 165 Ohio St. 341, 342, 59 O.O. 436, 135 N.E.2d 409, 409–410; *State ex rel.*

*Millenbaugh v. Timmons* (Aug. 29, 1994), Fulton App. No. 94FU000025, unreported, 1994 WL 476152. See, also, *Pollock v. Rashid* (1996), 117 Ohio App.3d 361, 366–367, 690 N.E.2d 903, 907–908. In an original action brought in the Ohio Supreme Court, the court stated:

"It is the duty of the clerk of this court, in the absence of instructions from the court to the contrary, to accept for filing any paper presented to him, provided such paper is not scurrilous or obscene, is properly prepared and is accompanied by the requisite filing fee. The power to make any decision as to the propriety of any paper submitted or as to the right of a person to file such paper is vested in the court, not the clerk." *State ex rel. Wanamaker v. Miller* (1955), 164 Ohio St. 176, 177, 57 O.O. 152, 153, 128 N.E.2d 110, 110.

Similarly, the Tenth Appellate District has stated that "ordinarily the clerk cannot refuse to accept papers for filing if the determination of propriety of filing constitutes a question of law since only a court can determine the rights of a party." The court went on to state that if a party presents a paper for filing and the clerk refuses to accept it, the clerk should indicate the refusal and the reason for the refusal on the docket. *Huntington Natl. Bank v. Miller* (1987), 36 Ohio App.3d 208, 209, 521 N.E.2d 844, 845; *Ricart N., Inc. v. B.W. Towing, Inc.* (May 25, 1999), Franklin App. No. 98AP–926, unreported, 1999 WL 333317.

█ In this case, the unrefuted evidence showed that the clerk actually received Rhoades's complaint before the expiration of the statute of limitations. This is not a case where the plaintiff mailed the complaint but the court can only speculate as to the time the clerk received it. *Ins. Co. of N. Am., supra; Lambdin v. Knott* (1991), 74 Ohio App.3d 606, 600 N.E.2d 247. The record in this case shows that the clerk exercised control over the filing by refusing to accept it because of postage due on or before December 12, 1997. See *Kloos, supra.* However, the clerk had a duty to accept the filing when it was tendered. Rhoades asserted her claim in a timely manner, and it was only the refusal of the clerk to accept her complaint that prevented it from being filed within the applicable statute of limitations.

We are not holding that the clerk is obligated to accept every document that arrives with postage due. However, the filing in this case was accompanied by a large deposit, which was more than adequate to cover the twenty-three cents owed for postage. Further, some courts have held that documents were appropriately deemed to have been filed on the date that the clerk refused to accept them even though they were not accompanied by the proper filing fee, a much greater omission than the lack of twenty-three cents' postage. *Huntington Natl. Bank; Ricart N., supra;* see, also, *Pollock, supra,* 117 Ohio App.3d at 366–367, 690 N.E.2d at 907–908. Under the circumstances, we believe fundamental fairness requires that we deem Rhoades's complaint to have been filed on

December 12, 1997, before the expiration of the statute of limitations. Therefore, we hold that the trial court erred in granting Harris's motion for summary judgment. We sustain Rhoades's assignment of error, reverse the judgment of the trial court, and remand the matter for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and WINKLER, JJ., concur.