JUDGMENT ENTRY
This cause is an accelerated appeal in which plaintiff-appellant, Georgianna Parisi, appeals the judgment of the Butler County Common Pleas court granting a motion to dismiss filed by appellee, Park River West Corporation dba Americana Amusement Park ("Park River").
Appellant claims that she was injured by the actions of a minor while a patron at the Americana Amusement Park on May 29, 1999. Appellant filed a personal injury complaint against Park River and the unidentified minor and his unnamed parent or guardian. The complaint was file stamped in the Butler County Clerk's Office with the date of May 30, 2001.
Park River filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6), arguing that the complaint was barred by the two-year statute of limitations for personal injury claims. R.C. 2305.10.
Appellant responded to Park River's motion, alleging that she mailed the complaint by ordinary mail on May 25, 2001, and requested a hearing. Appellant also filed a motion to correct the file-stamp date on the complaint and fashioned such motion as a Civ.R. 60 motion.
The trial court issued a decision, without a hearing, overruling appellant's Civ.R. 60 motion and dismissing appellant's complaint as time barred.
Appellant appeals and raises three assignments of error. For the reasons outlined below, we affirm the judgment of the trial court.
Appellant's first assignment of error argues that the trial court erred when it failed to grant a hearing on the issue of when the Butler County Clerk's Office received her complaint.
Appellant argues that she addressed the complaint to the Butler County Common Pleas Court and later learned that the court administrator's office in the same building may have received the complaint first, thereby delaying when the clerk's office received and time-stamped the complaint.
When construing a complaint for purposes of ruling on a Civ.R. 12(B)(6) motion for dismissal due to the bar of the statute of limitations, the complaint must conclusively show on its face that the action is barred by the expiration of the limitations period. Ins. Co. of N. Amer. v. ReeseRefrig. (1993), 89 Ohio App.3d 787, 791.
The trial court found that the complaint did conclusively show that the action was barred. Simply mailing a document does not constitute a filing. Rhoades v. Harris (1999), 135 Ohio App.3d 555, 557. It must be actually delivered to and received by the official custodian. Id. The filing of a document can only be accomplished by bringing the paper to the attention of the clerk, so it can be accepted by him or her as the official custodian. Ins. Co. of N. Amer. at 790. Simply leaving a document for the clerk to find later does not constitute "filing" the paper. Id. The endorsement upon the document by the clerk of the fact and date of filing is evidence of such filing. Id.
Appellant provided nothing for the trial court to surmise that the time-stamp was not the date of filing. The trial court was required to interpret all material allegations in the complaint as true and grant the dismissal only when it was apparent beyond doubt from the face of the complaint that appellant could prove no set of facts upon which recovery could be granted. Ins. Co. of N. Amer. at 791. The trial court did not err in ruling on the motion to dismiss without a hearing.[1]
Appellant's first assignment is overruled.
Appellant asserts in her second assignment that it was error to dismiss the entire complaint because the unidentified minor would be under legal disability and the tolling of the limitations period had yet to be determined.
R.C. 2305.16 covers the tolling of the limitation period for minorsentitled to bring an action (emphasis added). The minor is not the party bringing the action in the case sub judice. Therefore, R.C. 2305.16 is not applicable for appellant.
Appellant raises for the first time the issue of the minor defendant possibly being out of state, having absconded, or being concealed and thereby tolling the statute of limitations. Appellant also raises for the first time, and without supporting authority, the argument that Park River violated a duty or breached a contract to appellant by failing to identify the minor in a timely manner. These issues were not raised below. Ordinarily, issues not raised in the trial court are waived and may not be raised on appeal. Stores Realty co. v. Cleveland (1975),41 Ohio St.2d 41, 43. It was proper for the trial court to rule on Park River's motion to dismiss. Appellant's second assignment of error is overruled.
Appellant's third assignment of error contends that the trial court's decision to grant the motion to dismiss was arbitrary, capricious, and against the manifest weight of the evidence. Appellant offers many of the same arguments advanced in her first assignment of error.
Appellant maintains that it was "entirely probable that the complaint did indeed reach the court on May 29, 2001," but did not receive a file-stamp until the next morning when it was actually delivered to the clerk's office. As we previously stated, a pleading is filed when it is delivered to the clerk of court and received by him or her to be kept in its proper place in his or her office. Ins. Co. of N. Amer.,89 Ohio App.3d at 790.
This is not a situation faced by the Rhoades court, in which the clerk's office acknowledged receiving the complaint, but rejected and returned it to the plaintiff for insufficient postage. Rhoades v.Harris, 135 Ohio App.3d 555. There is no evidence that the Butler County Clerk of Courts ever exercised control over the complaint before the expiration of the limitations period. Id. It is incumbent upon parties in a lawsuit to ensure their pleadings and other documents are timely delivered and accepted by the clerk for filing. Ins. Co. of N. Amer. at 793.
Upon a de novo review of the motion to dismiss, we find that the trial court did not err in granting Park River's motion to dismiss. Appellant's third assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Judge, and Anthony Valen, Judge, concur.
[1] It is difficult to discern from appellant's assignment of error whether she is also contesting the trial court's failure to hold a hearing on her motion for correction of the file stamp. The trial court erroneously overruled appellant's Civ.R. 60(A) motion for correction based upon Civ.R. 60(B). However, upon review of appellant's motion and memorandum in support of her Civ.R. 60 motion, which she filed on July 13, 2001, appellant admits that her complaint was not transported to the Butler County Clerk of Courts Office on May 29, 2001. Therefore, it does not seem appropriate for the file stamp to be changed to the May 29, 2001 date, and the trial court was correct in overruling appellant's Civ.R. 60 motion to correct the file-stamp without a hearing.