THE STATE EX REL. OFFICE OF THE MONTGOMERY COUNTY PUBLIC DEFENDER ET AL., APPELLANTS, v. SIROKI, CLERK, ET AL., APPELLEES.

[Cite as *State ex rel. Montgomery Cty. Pub. Defender v. Siroki,* 108 Ohio St.3d 334, 2006-Ohio-1065.]

(No. 2005–1401—Submitted January 25, 2006—Decided March 22, 2006.)

Per Curiam.

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a mayor's court clerk to file a jury demand in a criminal case.

{¶ 2} On March 29, 2004, a complaint was filed in the Mayor's Court of the City of Moraine, Ohio, charging Dustin Bishop with failing to appear in court. Appellant Office of the Montgomery County Public Defender, which represented Bishop, mailed a jury demand on his behalf to appellee Susan Siroki, Clerk of the Moraine Mayor's Court.

{¶ 3} On April 5, 2004, Siroki returned the jury demand to the public defender. Siroki claimed that Bishop had "answered to all of his cases on March 1, 2004," and, therefore, the jury demand was "not appropriate to be sent in on these cases." Bishop had signed a waiver form on March 1, 2004. On the preprinted waiver form, Bishop checked that he pleaded guilty, but he also circled that he pleaded not guilty.

{¶ 4} On April 9, 2004, appellants, Montgomery County Public Defender, Assistant Public Defender Janet R. Sorrell, and Bishop, filed a petition in the Court of Appeals for Montgomery County. In their petition, appellants sought a writ of mandamus to compel Siroki to file all documents presented to her by the public defender's office and its attorneys.[1] Siroki and the other respondents moved for summary judgment, and on June 20, 2005, the court of appeals granted the motion for summary judgment and denied the writ.

{¶ 5} In their appeal as of right, appellants assert that the court of appeals erred in denying the writ. In order to be entitled to the requested writ of mandamus, appellants had to establish a clear legal right to have the jury demand filed, a clear legal duty on the part of Siroki to file the jury demand, and the lack of an adequate remedy in the ordinary course of law. See *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 13.

{¶ 6} The court of appeals held that appellants were not entitled to the writ because they had an adequate remedy at law by requesting that the mayor's court order Siroki to accept the jury demand for filing under R.C. 2701.20(B). R.C. 2701.20(B) provides that if a clerk of a court of record refuses to accept a document for filing, the person who presented the document can request the court to order the clerk to accept the document:

{¶ 7} "If the clerk of a court of record, pursuant to division (A) of this section, refuses to accept a document for filing or refuses to docket and index a document, the person who presented the document to the clerk may commence an action in or apply for an order from the court that the clerk serves to require the clerk to accept the document for filing or to docket and index the document. If the court

---

1. Appellants also requested other writs against appellees, Siroki, the city of Moraine, and Robert Rosencrans, the mayor of Moraine. The court of appeals denied those writs, and that portion of the judgment was not appealed.

determines that the document is appropriate for filing or for docketing and indexing, it shall order the clerk to accept the document for that purpose."

{¶ 8} The court of appeals erred in holding that R.C. 2701.20(B) provides appellants with an adequate remedy for Siroki's refusal to file the jury demand. The applicability of R.C. 2701.20 is limited to clerks of a "court of record," and mayor's courts are not courts of record. *Olmsted Falls v. O'Brien,* Cuyahoga App. No. 84926, 2005-Ohio-1317, 2005 WL 678536, ¶ 3 ("Because a mayor's court is not a court of record, it is not required to keep a journal"); *Portage v. Belcher* (1996), 117 Ohio App.3d 90, 91, 689 N.E.2d 1032 ("a mayor's court is not a court of record"); *State v. Eyrich* (June 19, 1996), Monroe App. No. 745, 1996 WL 342200, *2 ("a mayor's court is not a court of record and has only the statutory authority granted to it, pursuant to R.C. 1905.01"). Consequently, R.C. 2701.20 is inapplicable to appellants' jury demand because it was presented for filing to the clerk of a mayor's court rather than a court of record.

{¶ 9} Pursuant to R.C. 1905.02, the provisions of R.C. Chapter 1907, which governs county courts, apply in proceedings in a mayor's court insofar as they are relevant. R.C. 1907.20 imposes duties on the clerk of a county court to "file and safely keep all journals, records, books, and papers belonging or appertaining to the court" and to "note the filing of the complaint, issuing of summons or other process, returns, and pleadings subsequent thereto." R.C. 1907.20(B). In addition, "[t]he clerk may refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section." Id.

{¶ 10} R.C. 1907.20 authorized Siroki to refuse to accept for filing only documents submitted for filing by a vexatious litigator who had failed to obtain leave to proceed under R.C. 2323.52. "The clerk, as a ministerial officer of the court, has a duty by law to accept and file documents tendered to him or her." *Rhoades v. Harris* (1999), 135 Ohio App.3d 555, 557, 735 N.E.2d 6; *State ex rel. Dawson v. Roberts* (1956), 165 Ohio St. 341, 59 O.O. 436, 135 N.E.2d 409 (writ of mandamus granted to compel county clerk of courts to accept and file petition for injunction).

{¶ 11} As we observed in granting a writ of mandamus to compel the clerk of this court to file an affidavit of disqualification:

{¶ 12} "It is the duty of the clerk of this court, in the absence of instructions from the court to the contrary, to accept for filing any paper presented to him, provided such paper is not scurrilous or obscene, is properly prepared and is accompanied by the requisite filing fee. The power to make any decision as to the propriety of any paper submitted or as to the right of a person to file such

paper is vested in the court, not the clerk." *State ex rel. Wanamaker v. Miller* (1955), 164 Ohio St. 176, 177, 57 O.O. 152, 128 N.E.2d 110.

{¶ 13} Appellees counter that under R.C. 2701.20(A) and *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, Siroki was authorized to reject the jury demand because Bishop had already pleaded guilty. R.C. 2701.20(A) permits clerks of courts of record to refuse to accept a document for filing if the document is "not required or authorized to be filed" or "the clerk has reasonable cause to believe the document is materially false or fraudulent." In *Fuller,* we applied S.Ct.Prac.R. XIV(1)(C) to hold that the Clerk and Deputy Clerks of this court had a duty not to file an untimely memorandum in support of jurisdiction.

{¶ 14} The authorities cited by appellees do not justify Siroki's refusal to accept appellants' jury demand for filing. As noted previously, because the mayor's court is not a court of record, R.C. 2701.20 is inapplicable. And in *Fuller,* we applied a court rule that does not control filings in mayor's courts. Furthermore, the waiver form, which was executed before the March 29, 2004 criminal complaint charging Bishop with failure to appear in court, contained an ambiguous plea.

{¶ 15} Based on the foregoing, the court of appeals erred in denying the writ. Appellants established their entitlement to the requested extraordinary relief. Accordingly, we reverse the judgment of the court of appeals and grant a writ of mandamus to compel appellee Siroki to accept appellants' jury demand for filing.

Judgment reversed
and writ granted.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Glen H. Dewar, Montgomery County Public Defender, and Timothy Young, Deputy Public Defender, for appellants.

Bieser, Greer & Landis, David C. Greer, and Jennifer L. Stueve; Surdyk Dowd & Turner Co., L.P.A., and Robert J. Surdyk, for appellees.