THE STATE EX REL. METROHEALTH MEDICAL CENTER ET
AL., APPELLANTS, *v.* SUTULA, JUDGE, APPELLEE.

[Cite as *State ex rel. MetroHealth Med. Ctr. v. Sutula,*
110 Ohio St.3d 201, 2006-Ohio-4249.]

(No. 2006–0033—Submitted May 9, 2006—Decided August 30, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of mandamus to compel a common pleas court judge to refer a case to a retired judge for a jury trial under R.C. 2701.10 and Gov.Jud.R. VI.

{¶ 2} Appellant Cheryl Austin is the plaintiff in a medical-malpractice case against appellant MetroHealth Medical Center ("MetroHealth") pending in the Cuyahoga County Court of Common Pleas. The case is assigned to Judge John D. Sutula.

{¶ 3} On September 26, 2005, Austin and MetroHealth filed an agreement purporting to refer the case to a retired judge pursuant to R.C. 2701.10. Under the agreement, the retired judge would "[h]ear and determine all issues of law and fact which may hereafter arise in this case, *preside over a jury which will receive evidence* and render a judgment adjudicating the action or proceeding in its entirety, including all post-trial proceedings, if any." (Emphasis added.)

{¶ 4} On October 13, 2005, Judge Sutula denied the parties' request for a referral of the case to a retired judge. Judge Sutula determined that the parties' case could not be referred under R.C. 2701.10 because the agreement required a jury trial.

{¶ 5} On October 20, 2005, Austin and MetroHealth filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Sutula to refer the case to the retired judge in accordance with the parties' agreement. Judge Sutula filed a motion to dismiss the complaint. On November 23, 2005, the court of appeals dismissed the complaint.

{¶ 6} This cause is now before the court upon Austin's and MetroHealth's appeal as of right.

{¶ 7} Appellants assert that the court of appeals erred in dismissing their complaint for a writ of mandamus. Under Civ.R. 12(B)(6), dismissal for failure to state a claim upon which relief can be granted is proper if, after all material factual allegations of the complaint are presumed true and all reasonable inferences are made in appellants' favor, it appears beyond doubt that they could prove no set of facts warranting the requested extraordinary relief in mandamus. *State ex rel. Talwar v. State Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.

{¶ 8} In order to be entitled to the requested writ of mandamus, appellants had to establish a clear legal right to have the case referred to the retired judge for a jury trial under R.C. 2701.10 and Gov.Jud.R. VI, a clear legal duty on the part of Judge Sutula to refer the case, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 334, 2006-Ohio-1065, 843 N.E.2d 778, ¶ 5.

{¶ 9} The court of appeals properly dismissed appellants' mandamus action because it is beyond doubt that they could not establish either a clear legal right to a jury trial in cases referred pursuant to R.C. 2701.10 and Gov.Jud.R. VI or a corresponding clear legal duty on the part of Judge Sutula to refer the case for a jury trial. Pursuant to *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145, paragraph one of the syllabus, jury trials are not authorized in civil actions referred to private judges under R.C. 2701.10 and Gov.Jud.R. VI.

{¶ 10} Based on the foregoing, consistent with our decision in *State ex rel. Russo v. McDonnell*, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents and would grant the writ of mandamus.

———

Sutter, O'Connell & Farchione Co., L.P.A., Joseph A. Farchione, and Christina J. Marshall; Friedman, Domiano & Smith Co., L.P.A., and Donna Kolis, for appellants.

Kahn Kleinman, L.P.A., Robert A. Zimmerman, Michael H. Diamant, and Philip R. Bautista, for appellee.