JOURNAL ENTRY AND OPINION
{¶ 1} On August 25, 2006, petitioner Douglas Crissman filed this mandamus action against Judge Kathleen O'Malley. In his petition, he asks this court to order Judge O'Malley to adopt the proposed settlement agreement put forth in Crissman v.Crissman, Court of Common Pleas, Domestic Relations Division, Case No. DR 04 298642. Thereafter, on August 25, 2006, Judge O'Malley, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss relator's petition for writ of mandamus. Crissman did not file a response to the motion to dismiss. For the following reasons, we grant the motion to dismiss.
 {¶ 2} Initially, we find that Crissman failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 3} Despite the aforesaid procedural defect, a substantive review of Crissman's complaint fails to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Crissman must establish a clear legal right to have the proposed settlement agreement adopted and enforced by Judge O'Malley; a clear legal duty on behalf of Judge O'Malley to adopt and enforce the proposed settlement agreement; and the lack of an adequate remedy in the ordinary course of the law. Stateex rel. Montgomery Cty. Pub. Defender v. Siroki,108 Ohio St.3d 334, 2006-Ohio-1065, 843 N.E.2d 778.
 {¶ 4} In this matter, Crissman asserts that "under clearly established Ohio law common pleas court judges are obliged to adopt and enforce agreements such as the one attached hereto as Exhibit A." However, Crissman fails to cite any supporting authority that sets forth Judge O'Malley's explicit duty to accept and enforce the settlement agreement. Consequently, we find that Crissman failed to establish his clear legal right to have the proposed settlement agreement adopted and enforced, and that Judge O'Malley has a clear legal duty to adopt the separation agreement.
 {¶ 5} Accordingly, we grant the motion to dismiss. Relator to bear costs. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ dismissed.
Sweeney, P.J. and Rocco, J., Concur.