[Cite as *State ex rel. Kess v. Antonoplos*, 2017-Ohio-305.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO, EX REL. JAMES C. KESS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 16CAD030010 |
|  | : |  |
| JAN ANTONOPLOS, DELAWARE COUNTY CLERK OF COURTS, ET AL | : |  |
|  | : | OPINION |
| Respondent | | |

CHARACTER OF PROCEEDING:        Writ of Mandamus

JUDGMENT:                                        Writ Issued

DATE OF JUDGMENT ENTRY:            January 26, 2017

APPEARANCES:

For Relator                                        For Respondent

NICHOLAS W. YAEGER                    CAROL HAMILTON O'BRIEN
580 South High Street, Ste. 200        ANDREW J. KING
Columbus, OH 43215                        140 North Sandusky Street, 3rd Floor
                                                          Delaware, OH 43015

*Gwin, P.J.*

{¶1} Relator, James Kess, has filed a Complaint for Writ of Mandamus requesting this Court to issue a writ ordering Respondent to accept and file objections to a magistrate's decision. Respondent has filed a Motion for Judgment on the Pleadings arguing the objections presented were untimely, therefore, Relator cannot establish a clear legal right to have the pleading filed.

## FACTS

{¶2} The only evidence presented in this case is an affidavit from Jon Krukowski of Krukowski Legal Services. Krukowski states that on September 22, 2015, he presented a pleading captioned "Plaintiff, James Kess' Objections to the Magistrate's Decision filed August 27. 2015" to the Delaware clerk of courts for filing. The clerk refused to accept the pleading for filing.

## JUDGMENT ON THE PLEADINGS

{¶3} "A Civ.R. 12(C) motion for judgment on the pleadings is designed to review the pleadings, and only the pleadings, on matters of law. *Peterson v. Teodosio,* 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). Pursuant to Civ.R. 12(C), dismissal is appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996)." *Dumas v. Carfolo*, 7th Dist. Mahoning No. 15 MA 0065, 2016-Ohio-4820, ¶ 5.

{¶4}    We have reviewed the pleadings and find the allegations contained within them when considered in the light most favorable to Relator would support Relator's claim, therefore, the motion for judgment on the pleadings is denied.

MANDAMUS

{¶5}    We now turn to the merits of the Petition.

{¶6}    "To be entitled to a writ of mandamus, the [Relator] must establish by clear and convincing evidence a clear legal right to the requested relief and a clear legal duty on the part of respondent to provide the relief. " *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 2016-Ohio-7987, ¶ 28.

{¶7}    The Supreme Court explained a clerk's duty, "It is the duty of the clerk of this court, in the absence of instructions from the court to the contrary, to accept for filing any paper presented to him, provided such paper is not scurrilous or obscene, is properly prepared and is accompanied by the requisite filing fee. The power to make any decision as to the propriety of any paper submitted or as to the right of a person to file such paper is vested in the court, not the clerk." *State ex rel. Wanamaker v. Miller* (1955), 164 Ohio St. 176, 177, 57 O.O. 152, 128 N.E.2d 110; *State ex rel. Montgomery Cty. Pub. Def. v. Siroki*, 108 Ohio St.3d 334, 336–37, 2006-Ohio-1065, 843 N.E.2d 778, 781, ¶ 12 (2006).

{¶8}    "[T]he Tenth Appellate District has stated that "ordinarily the clerk cannot refuse to accept papers for filing if the determination of propriety of filing constitutes a question of law since only a court can determine the rights of a party." The court went on to state that if a party presents a paper for filing and the clerk refuses to accept it, the clerk should indicate the refusal and the reason for the refusal on the docket. *Huntington Natl. Bank v. Miller* (1987), 36 Ohio App.3d 208, 209, 521 N.E.2d 844, 845; *Ricart N., Inc.*

*v. B.W. Towing, Inc.* (May 25, 1999), Franklin App. No. 98AP-926, unreported, 1999 WL 333317." *Rhoades v. Harris*, 135 Ohio App.3d 555, 558, 735 N.E.2d 6, 8 (1st Dist.1999).

{¶9} Respondent has raised two defenses to the complaint. First, Respondent argues the objections were untimely, therefore, the clerk had no clear legal duty to accept them for filing. Second, Respondent argues Relator has not demonstrated by clear and convincing evidence that the clerk refused to accept the pleading in question.

{¶10} The Clerk's duty is not to determine whether a pleading is properly before the court. This duty belongs to the court. The Clerk is the keeper of the records presented for filing not the gatekeeper making decisions upon the propriety of the pleadings presented.

{¶11} Whether the objections were untimely is a matter for the Court to consider not the clerk. The only evidence presented to this Court is the uncontroverted affidavit from Krukowski stating he attempted to file the pleading, but the clerk refused to accept it.

{¶12} Respondent has a clear legal duty to accept papers presented for filing in the court. Relator has a corresponding right to have those papers filed. No adequate remedy at law exists for Relator to challenge the clerk's refusal to accept the pleading.

{¶13} For these reasons, we find Relator has established the necessary elements for the issuance of a writ of mandamus. The Clerk is hereby ordered to accept Relator's objection and note the docket that the pleading shall be deemed filed on September 22, 2015.

{¶14} For the reasons stated in our accompanying Memorandum-Opinion, the Writ of Mandamus is issued.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

[Cite as *State ex rel. Kess v. Antonoplos*, 2017-Ohio-305.]