[Cite as *State ex rel. Duncan v. Am. Transm. Sys., Inc.*, 2021-Ohio-1697.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| [STATE OF OHIO ex rel.] RICHARD DUNCAN, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2021-P-0005** |
| | : | |
| - vs - | : | |
| | : | |
| AMERICAN TRANSMISSION SYSTEMS, INCORPORATED (ATSI), et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

Original Action for Declaratory Judgment, Injunction, Damages, and Mandamus.

Judgment: Petition dismissed.

*Richard Duncan,* pro se, 1101 East Boulevard, Aurora, OH 44202 (Relator).

*Stephen D. Jones* and *Jeremy S. Young,* Roetzel & Andress, LPA, 41 South High Street, 21st Floor, Columbus, OH 43215 (For Respondents, American Transmission Systems, Incorporated (ATSI) and First Energy).

*Dean E. Depiero,* City of Aurora Law Director, 130 South Chillicothe Road, Aurora, OH 44202 (For Respondents, City of Aurora and Ann Womer Benjamin).

PER CURIAM.

{¶1}  Relator, Richard Duncan, pro se, has filed a complaint for declaratory judgment, injunction, damages, and mandamus in this court against respondents American Transmission Systems, Inc. ("ATSI"), "First Energy," the City of Aurora Mayor Ann Womer Benjamin, and the City of Aurora (the "City"). Respondents filed a Civ.R.

12(B) motion to dismiss. For the reasons set forth herein, relator's claims for declaratory judgment, injunction, and damages are dismissed for lack of subject-matter jurisdiction; and his petition is dismissed for failure to state a claim upon which relief can be granted.

{¶2} According to Mr. Duncan, he owns one tenth of an acre of triangular-shaped, landlocked property adjacent to an abandoned right-of-way located in the city of Aurora. Apparently, the City, hoping to use the land to build a park or trail, and ATSI, hoping to build power lines, engaged in litigation and eventually a settlement, with ATSI being permitted to build the power lines along the right-of-way. Mr. Duncan asserts that these power lines will detract from the charming and historic aesthetic of the city of Aurora and seeks to prevent the installation of these power lines or appropriations from an alleged taking of his property.

{¶3} Article IV, Section 3(B) of the Ohio Constitution sets forth the jurisdiction of Ohio's courts of appeals:

{¶4} (1) The courts of appeals shall have original jurisdiction in the following:

{¶5} (a) Quo warranto;

{¶6} (b) Mandamus;

{¶7} (c) Habeas corpus;

{¶8} (d) Prohibition;

{¶9} (e) Procedendo;

{¶10} (f) In any cause on review as may be necessary to its complete determination.

{¶11} (2) Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death. Courts of appeals shall have such appellate jurisdiction as

2

may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies.

{¶12} Here, Mr. Duncan brought his complaint directly to this court of appeals; there is no decision of a lower court for this court to review. Pursuant to the Ohio Constitution, this court does not have jurisdiction to hear Mr. Duncan's claims for public and private nuisance, nor answer his prayer for injunctive relief and compensatory damages.[1]

{¶13} However, as Mr. Duncan's request for a writ of mandamus falls within this court's original jurisdiction, we shall consider that portion of Mr. Duncan's pleadings. Respondents argue this count should also be dismissed pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted.

{¶14} Preliminarily, we note that although Mr. Duncan has failed to caption his petition "in the name of the state on the relation of the person applying," as required by R.C. 2731.04, respondents have not raised this as error. Thus, we sua sponte correct the caption and address the merits of Mr. Duncan's petition. *See Salemi v. Cleveland Metroparks,* 145 Ohio St.3d 408, 2016-Ohio-1192, ¶13 (finding miscaptioning a waivable defense and noting that it is "common practice when parties fail to raise the issue simply to correct the error before publication.")

{¶15} "Mandamus is the appropriate action to compel public authorities to institute appropriation proceedings when an involuntary taking of private property is alleged. Any

---

1. We note that though "[a]s a general rule, a writ of mandamus will not issue when there is a plain and adequate remedy in the ordinary course of law," there is an exception where the "'declaratory judgment would not be a complete remedy unless coupled with extraordinary relief in the nature of a *mandatory* injunction * * *.'" (Emphasis original.) *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, ¶9, quoting *State ex rel. Arnett v. Winemiller*, 80 Ohio St.3d 255, 259 (1997). This exception is not applicable here as Mr. Duncan's request is for a prohibitory injunction to prevent a future injury. See *id.* at ¶9-10.

direct encroachment upon land that subjects it to a public use that excludes or restricts the dominion and control of the owner over it is a taking of property, for which the owner is guaranteed a right of compensation under Section 19, Article I of the Ohio Constitution." *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, at paragraph four of the syllabus, citing *State ex rel. Shemo v. Mayfield Hts.*, 95 Ohio St.3d 59, 63 (2002); and *Norwood v. Sheen*, 126 Ohio St. 482 (1933).

{¶16} "To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *Gadell-Newton*, *supra*, at ¶6, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶6, 13. "Under Civ.R. 12(B)(6), dismissal for failure to state a claim upon which relief can be granted is proper if, after all material factual allegations of the complaint are presumed true and all reasonable inferences are made in appellants' favor, it appears beyond doubt that they could prove no set of facts warranting the requested extraordinary relief in mandamus." *State ex rel. MetroHealth Med. Ctr. v. Sutula*, 110 Ohio St.3d 201, 2006-Ohio-4249, ¶7.

{¶17} Mr. Duncan argues that due to the power lines on the adjacent property, his and his neighbor's property value will decrease, that he will not be able to acquire a right of way that he had "hoped to acquire," that any personal or real property placed on the lot will become a safety hazard due to an arcing risk, and that persons and animals on the property will have a safety and cancer risk. Mr. Duncan attempts to differentiate the damage he asserts will result to his property from that of his neighbors' by arguing his lot is "specifically and substantially burdened" by the proposed use of the adjacent land due to his lot's small size, triangular shape, and that it is landlocked.

4

{¶18} However, these so-called "[c]onsequential damages are generally noncompensable on the theory that: '* * * Whatever injury is suffered thereby is an injury suffered in common by the entire community; and even though one property owner may suffer in a greater degree than another, nevertheless the injury is not different in kind, and is therefore damnum absque injuria [i.e. damage without injury].'" *Richley v. Jones*, 38 Ohio St.2d 64, 68-69 (1974), citing *Robert Mitchell Furniture Co. v. C. C. C. & St. Louis R. R. Co.*, 7 N.P. 639 (1900), affirmed, 65 Ohio St. 571.

{¶19} Furthermore, "[t]he mere fact of the danger attendant upon the maintenance of high voltage wires in front of the property is not a valid ground of objection, unless it is also an interference with access, light, air, or view." *Smith v. Cent. Power Co.*, 103 Ohio St. 681, 699 (1921); *see also Ohio Edison Co. v. Carroll*, 14 Ohio App.3d 421, 425 (9th Dist.1984), citing *Friedman Transfer & Constr. Co. v. Youngstown*, 176 Ohio St. 209, 213 (1964); *Smith v. Central Power Co.*, 103 Ohio St. 681 (1921); and *Sears v. Hopley*, 103 Ohio St. 46 (1921).

{¶20} Mr. Duncan has not argued an interference with light, air, or view. Additionally, Mr. Duncan admits that his property was landlocked and there was no right of way when he purchased it; he was merely hoping he would acquire one over the disputed property if the City were permitted to build on it. Moreover, he admits he potentially has other access to his property. Thus, the installation of these power lines does not alter the ingress and egress to his property.

{¶21} Mr. Duncan has failed to establish a taking of his property and thus cannot show by clear and convincing evidence that he is entitled to the relief sought.

{¶22} In light of the foregoing, respondents' motion to dismiss is granted, and this matter is hereby dismissed. All pending motions are dismissed as moot.

MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.