## SAVAGE v. STATE.

Ohio Appeals, 4th Dist., Washington Co.

Decided Feb. 9, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

681. JURISDICTION—328. Court of Appeals.
Court of Appeals is without jurisdiction to entertain error proceedings direct from Mayor's Court.

Error to Mayor's Court.

Proceedings dismissed.

C. D. Fogle, Marietta, for Savage.
F. C. Myers, Marietta, for State.

FULL TEXT

MIDDLETON, PJ.

This proceeding in error is dismissed under the authority of State v. Allen and State v. Williams, decided by the Supreme Court of this state on December 28, 1927. This dismissal is made for the reason that the record shows that this proceeding was brought directly to this court from the Mayor's Court of the city of Marietta, Ohio. We are of the opinion that under the provisions of Section 6 of Article IV of the constitution of this state this court is without jurisdiction to hear and determine the complaint of the plaintiff in error in this proceeding.

In the cases above cited the Supreme Court held that a justice of the peace is not a court of record and that the section of the constitution above referred to does not confer jurisdiction upon the Court of Appeals to entertain an error proceeding direct from a justice of the peace. In the course of the opinion in said cases, which was delivered by Marshall, CJ., it is said:

"This conclusion necessarily results in inferentially overruling the case of Heininger v. Davis, mayor, 96 O. S. 205, because the jurisdiction of a mayor is defined to be that of a justice of the peace, and in all essential respects similar provisions are made for conducting judicial proceedings before a mayor."

We regard this language of the court as equivalent to a holding that the Court of Appeals is also without jurisdiction to entertain an error proceeding direct from a Mayor's Court.

The petition in error is therefore dismissed.
(Mauck and Thomas, JJ., concur.)

## SIPE, Admr. v. WILSON et.

Ohio Appeals, 5th Dist., Morrow Co.

No. 221. Decided Jan. 25, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

389. DESCENT AND DISTRIBUTION.
Where widow dies intestate, and without issue, seized of property which came from deceased husband by will, property goes one-half to heirs of such widow and one-half to heirs of such husband.

Appeal from Common Pleas.

Findings approved.

H. H. Harlan, Mt. Gilead, for Sipe.

Benj. Olds, C. H. Wood, and T. B. Mateer, Mt. Gilead, for Wilson et.

FULL TEXT

HOUCK, J.

Appeal from the Common Pleas Court of Morrow County, Ohio.

This action seeks to determine the proper distribution of the balance of the personal estate of Mary S. Eccles, deceased, to-wit: $1451.58.

This cause was submitted to this court on a written agreed statement of facts together with certain other facts admitted to be true by counsel in their oral statements made to the court.

Under the facts William M. Eccles departed this life long prior to the death of his widow, Mary S. Eccles. The husband died testate, devising his entire estate to his widow, Mary S. Eccles, who departed this life intestate, leaving no children or their representatives, and that the property in question "is the proceeds, increase or accumulations from the property willed to her by her husband."

Section 8577 General Code reads:

(Here follows quotation of this section.)

This court must rely upon the facts as agreed to and not add to or take from them in reaching its conclusion. This we have done and it leads us to the unanimous judgment that under the facts measured by the provisions of said Section 8577 General Code that the money now in the hands of the administrator of Mary S. Eccles must and should be distributed as follows: One-half to the heirs of Mary S. Eccles who take per capita; and one-half to the heirs of William M. Eccles who take per stirpes.

The legal effect of the facts—as agreed to—clearly brings this case within and under the provisions of said Section 8577 General Code and distribution of the fund in dispute must be and now is ordered distributed accordingly.

It follows from the statements and finding herein made that the same judgment should be entered in this court as was entered in the Common Pleas Court.

(Shields, J. and Lemert, J., concur.)