VILLAGE OF COMMERCIAL POINT *v.* BRANSON.

(No. 7828—Decided July 17, 1969.)

Common Pleas Court of Pickaway County.

*Mr. David L. Kraft*, for plaintiff.
*Mr. Richard L. Gerhardt*, for defendant.

AMMER, J. This is an appeal from a judgment of the Mayor's Court of the village of Commercial Point filed in that court on February 14, 1969.

In that decision the Mayor entered a finding to the effect that the defendant was guilty of violation of an ordinance of the village relating to house trailers and imposed a penalty of a fine plus costs.

This appeal was taken by the defendant under the provisions of Section 2953.02, Revised Code. In this appeal the defendant raises questions relative to the enactment and constitutionality of the ordinance.

Briefs in support of and contra such appeal have been filed and oral arguments had thereon. This appeal raises the question of the jurisdiction of this court, which will be reviewed sua sponte. Section 1905.22, Revised Code, reads as follows:

"A conviction under an ordinance of any municipal corporation may be reviewed on appeal in the same manner as appeals on questions of law from a county court, and the judgment of affirmance or reversal may be reviewed in the same manner, and for this purpose a bill of exceptions may be taken, or a statement of facts embodied in the record on the application of any party."

Section 1921.01, Revised Code, reads as follows:

"Either party may appeal from the final judgment of a judge of a county court, to the court of common pleas of the county in which the judgment was rendered."

Section 2953.02, Revised Code, reads in part as follows:

"In a criminal case, including a conviction for the violation of an ordinance of a municipal corporation, the judgment or final order of a court or magistrate inferior to the court of common pleas, may be reviewed in the court of common pleas, and a judgment or final order of a court of record or officer inferior to the court of appeals may be reviewed in the court of appeals."

It now becomes necessary for the court to determine whether the appeal from the Mayor's Court to the Court of Common Pleas is authorized by Article IV, Section 4

*Town & Country Food, Inc.,* v. *Phillips,* the court by sylla-
bus stated the following:

"Since the enactment of Section 1907.012, Revised
Code, County Courts are courts of record for all purposes
of law and, as such, appeal on questions of law may be
taken from the judgment or final order of a County Court
to the Court of Appeals in whose district such County
Court is located pursuant to the procedures set forth in
Sections 2505.04 to 2505.45, Revised Code, as an alterna-
tive to the appeal on questions of law to the Court of Com-
mon Pleas provided for in Section 1921.01, Revised Code."

There are also statutory provisions for appeals from
Municipal Court to the Court of Appeals.

The question may be raised as to the effect of the
holding of this court relative to the continuance of May-
or's Courts, since there is no provision for any appeal.

The purposes of a review by a higher court is set
forth in Skeel, Ohio Appellate Law, P. 7 as follows:

"There is no such thing as an unimportant judicial
determination of a disputed question of fact and law. The
faith of the people in courts depends on the average re-
sult, squaring with what is generally considered just and
circumscribed by a sense of fair play. Courts cannot at-
tain the exactitude of the provable sciences; an honest
judgment, fairly and impartially pronounced after an ade-
quate investigation of the facts in a tribunal presided over
by one trained in the law with adequate provision for a
review to see to it that the accepted law of the nation has
been afforded the parties, is the means by which justice is
made to serve the best interests of the people.

"A reviewing court is also important to coordinate di-
vergent legal contentions and to establish principles and
precedents to guide the course of future cases dealing
with like subjects.

"An appeal then becomes desirable for two reasons,
first to test the correctness of the proceeding when a liti-
gant feels that he has not been afforded justice under the
law and, second, to record and give sanction to correct

rules of law as it conforms to changing conditions. 'Without some central review, the divergent opinions of numerous trial courts would become confusion compounded.' ''

It is beyond the jurisdiction of the court to provide for any review which is not set forth in the Constitution or by statute. Perhaps the framers of the ''Modern Courts Amendment'' may not have intended the results indicated by this court; however, this court is bound by the specific provisions of the constitutional amendment which limits the jurisdiction of the Common Pleas Court as to appeals to administrative bodies.

The court, therefore, is of the opinion that in view of Article IV, Section 4 of the Ohio Constitution that the provisions of Section 2953.02, Revised Code, as to appeals from Mayor's Courts to the Common Pleas Courts, is unconstitutional, and that therefore the court lacks jurisdiction to consider the appeal in this case from the Mayor's Court of Commercial Point, Ohio.

*Judgment accordingly.*