City of Greenhills, Appellee, v. Miller, Appellant.

[Cite as Greenhills v. Miller, 20 Ohio App. 2d 313.]

(No. 10945—Decided September 29, 1969.)

*Mr. Robert Woelner,* for appellee.
*Mr. John J. Cappel,* for appellant.

Shannon, P. J. This is an appeal on questions of law from a judgment of the mayor's court of the city of Greenhills.

Defendant, appellant herein, was found guilty, on December 18, 1968, of a violation of Greenhills Ordinance No. 785, Chapter 97 (Loitering and Vagrancy), and sentenced to be fined, which was "suspended" together with the costs of court. Thereafter, a notice of appeal to the Court of Common Pleas of Hamilton County was filed, which, subsequently, was amended to give notice of appeal to this court.

*Sua sponte,* we have raised the question: does an Ohio Court of Appeals have jurisdiction to hear an appeal from a mayor's court?

Section 3 (B) (2), Article IV of the Constitution of the state of Ohio provides:

"Courts of Appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the *courts of record* inferior to

the Court of Appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies." (Emphasis added.)

Unmistakably, then, the framers of the Modern Courts Amendment intended to limit the jurisdiction of a Court of Appeals to the review of judgments or final orders only of inferior courts of record.

The corollary appears: is a mayor's court a court of record?

Such query must be answered in the negative. A mayor's court is not a court of record. *Pettiford* v. *Yellow Springs*, 38 Ohio App. 310. See, also, 1965 Opinions of Attorney General No. 21; *Savage* v. *State*, 6 Ohio Law Abs. 171; 38 Ohio Jurisprudence 2d 26, Municipal and County Courts, Section 16. For a general discussion see opinion of Marshall, C. J., *State* v. *Allen*, 117 Ohio St. 471; "The Jurisdiction of the Ohio Courts of Appeals and the Background Thereof" by James E. O'Connell, 14 Ohio Opinions 2d 352; *Commercial Point* v. *Branson*, 20 Ohio Misc. 66.

Therefore, this court is without jurisdiction to determine this appeal.

Despite our disposition of the issue before us, the quandary in which we thus find ourselves remains. We observe, recognizing that it is *obiter dictum*, that the Court of Common Pleas has by amendment of the Ohio Constitution in 1968 been divested of appellate jurisdiction save as to appeals from administrative bodies. *Stone* v. *Goolsby*, 18 Ohio Misc. 105; *Commercial Point* v. *Branson*, 20 Ohio Misc. 66. We find no avenue for review of a judgment or order of a mayor's court, a consequence which is repugnant to the basic guarantee of "one trial—one review."

Nevertheless, we can not by fiat enlarge our jurisdiction; we are bound by the specific provisions of the Constitution which define it.

*Appeal dismissed.*

HILDEBRANT and HESS, JJ., concur.