CITY OF BLUE ASH, APPELLEE, *v.* MADDEN, APPELLANT.

(No. C-820080—Decided December 15, 1982.)

Mr. W. Glenn Forrester, for appellee.
Mr. R. Scott Croswell, III and Ms. Elizabeth E. Agar, for appellant.

Per Curiam. This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant-appellant, John Madden, was cited to the Blue Ash Mayor's Court for two charges of driving under the influence and one charge of speeding. Upon the filing of a jury demand, defendant's case was transferred to the Hamilton County Municipal Court. Defendant filed motions to dismiss for the failure of the mayor's court to meet the time limitation requirements under R.C. 2945.71. These motions were overruled. Upon trial to the court, defendant was convicted of one count of driving under the influence and was acquitted of the remaining charges. This appeal ensued with two assignments of error.

Defendant's first assignment of error challenges the trial court's denial of his motion to dismiss for failure to comply with R.C. 2945.71.

Pursuant to R.C. 2945.71(A), a person charged in a court not of record shall be brought to trial within thirty days after his arrest or the service of summons upon him. The instant record shows that defendant was cited on January 31, 1981. The citation ordered Madden to appear before the Blue Ash Mayor's Court on February 4, 1981. It is the February 4, 1981 date that is in dispute here. The city of Blue Ash contends that defendant appeared on February 4, 1981 and requested a continuance to March 11, 1981. In support of its position, the plaintiff city refers to Exhibit A, which is a certified copy of the criminal docket sheet from the Blue Ash Mayor's Court for the instant cause. This docket is a printed form. Among the docket entries are the following: "Appearance Date 2-4-81" and "Continued to 3/11/81 def."

On the other hand, defendant argues that the official transcript of the mayor's court does not reflect an appearance or a request for a continuance on that date and that the first official recorded appearance by him was on March 11, more than thirty days after the receipt of his citation. Defendant does not deny that he appeared on February 4 and requested a continuance. Defendant bases his technical position on the rule that a court speaks only through its journal. According to defendant, regardless of his presence on February 4, there was no official record of his appearance and request, and such could not be inferred from unofficial documents. We disagree.

A mayor's court is not a court of record. Greenhills v. Miller (1969), 20 Ohio App. 2d 313 [49 O.O.2d 401]. It is not required to maintain a journal; it is only obligated to keep a docket. R.C. 1905.21. The printed form is clearly a document of some officiality used by the Blue Ash Mayor's Court in its official proceedings. We find that the subject printed form provides sufficient evidence to indicate defendant's appearance on February 4, 1981, and request for continuance. The assignment is meritless and is overruled.

Defendant's second assignment of error and issue presented state:
"Assignment of Error No. 2
"The trial court erred to the substantial prejudice of defendant in finding as a matter of law that the amount of proof necessary to overcome the presumption of intoxication created by R.C. 4511.19(B) increases with an increase in blood alcohol over the statutory limit of ten hundredths of one percent.
"Issue Presented for Review
"The court may not, without some

evidence about the relationship between Intoxilyzer scores and degree of intoxication, impose a greater burden of proof on a defendant attempting to overcome the statutory presumption because his score was higher."

The evidence presented by the prosecution with regard to the charge *sub judice* included testimony by a police officer as to defendant's speed and physical appearance, the officer's opinion, and an intoxilyzer result of .17 percent blood alcohol content. After argument the trial court stated:

"Well, from what I've heard on the evidence there's considerable evidence to rebut the presumption of being under the influence. On the first, we have the speed of the automobile, and the Officer's opinion, and the Intoxilizer [*sic*] condition of .17. The second incident, he was operating the automobile under the influence. Was his ability to operate that automobile appreciably impaired? You have simply the Officer's opinion and the Intoxilizer [*sic*] test of .14.

"Quite frankly, it's this Court's opinion that the higher the Intoxilizer [*sic*] examination, the more difficult it is to overcome the presumption that he's under the influence.

"If these tests had been .10, very well, your argument [defense counsel's] may be accepted by this Court. But in light of the .17 and .14, I don't think the presumption was met, the burden of rebutting that presumption on the first incident."

It is the latter two paragraphs of the trial court's discourse that defendant cites in support of his argument that the trial court imposed upon him an unjustifiable burden of proof which he had to overcome. We disagree.

These comments, while possibly ill-advised, were hypothetical. The trial court was discussing a case not before it. We find there was sufficient credible evidence adduced upon which a trier of fact could reasonably conclude that the

elements of driving under the influence had been proved beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. The assignment of error is overruled.

We affirm.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and BLACK, JJ., concur.