VILLAGE OF PORTAGE, Appellee,

v.

BELCHER, Appellant.

[Cite as *Portage v. Belcher* (1996), 117 Ohio App.3d 90.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–96–033.

Decided Dec. 30, 1996.

*Staten T. Middleton,* for appellee.

*S. Michael Belcher, pro se.*

*Per Curiam.*

This case is an appeal from a final judgment of the Bowling Green Municipal Court. Pursuant to Sixth District Loc.App.R. 12(C), this case is hereby transferred to the accelerated docket. Appellant has advanced two assignments of error:

"First Assignment of Error

"The trial court erred when it found the appellant's motion to dismiss not well taken as speedy trial time had run.

"Second Assignment of Error

"The mayor erred when he made a finding of guilty prior to hearing any evidence and by not allowing the defendant a bench trial on February 29, 1996, while in mayor's court, thus denying the defendant due process of law and allowing double jeopardy to attach."

The first assignment of error is found not well taken on the authority of *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 661 N.E.2d 706. In that case, the Supreme Court held that the transfer of a case pursuant to R.C. 1905.032 from the mayor's court to the municipal court is a removal within the meaning of R.C. 2945.72(F) and that the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court.

Applying that holding to the facts of this case, we hold that appellant was not denied a speedy trial. Appellant's first assignment of error is not well taken.

Appellant's second assignment of error raises multiple issues, each of which may be disposed of summarily. He first complains that the mayor denied him a hearing and made a finding of guilty without receiving evidence. Appellant has presented no record of any kind from the mayor's court proceeding and we thus presume that the hearing was proper.

Appellant also contends that the finding of guilt in the Bowling Green Municipal Court constituted double jeopardy. Appellant's double jeopardy argument is without merit.

A mayor's court has jurisdiction to hear "any prosecution for the violation of an ordinance of the municipal corporation." R.C. 1905.01. However, a mayor's court is not a court of record. *Blue Ash v. Madden* (1982), 8 Ohio App.3d 312, 8 OBR 421, 456 N.E.2d 1277. Thus, an appeal from a mayor's court

conviction to the municipal court or county court shall proceed as a trial *de novo.* R.C. 1905.25.

The United States Supreme Court has held that such a "two-tier" system for adjudicating less serious criminal cases, in which the defendant may be tried in a lower tier court and, upon conviction, appeal to a court of general criminal jurisdiction where he is entitled to a trial *de novo,* does not violate the Constitution's Double Jeopardy Clause. *Ludwig v. Massachusetts* (1976), 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732; *Colten v. Kentucky* (1972), 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584. Accordingly, appellant's second assignment of error is *found not well taken.*

On consideration whereof, the court finds the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Bowling Green Municipal Court is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, GLASSER and GREY, JJ., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.