JOURNAL ENTRY AND OPINION
Defendant-appellant, William E. McCoy, appeals the decision of the Parma Municipal Court that convicted him for violating Broadview Heights Codified Ordinance 434.03B, which prohibits the operation of a vehicle in excess of the posted speed. For the reasons that follow, we affirm.
A review of the record reveals that on November 20, 1999, appellant was traveling southbound on Interstate 77 when he was stopped for speeding. A citation was issued and, on January 13, 2000, appellant pleaded no contest. He was found guilty and fined accordingly. On January 21, 2000, appellant appealed this conviction and sentence to the Parma Municipal Court pursuant to R.C. 1905.23. Appellant thereafter filed a motion to dismiss contending, inter alia, that his retrial violated the Double Jeopardy Clause.[1] The municipal court denied this motion. Appellant eventually entered a no contest plea to the charge against him, was found guilty and fined accordingly. The execution of judgment and the imposition of sentence was stayed pending appeal.
In his appeal to this court, appellant contends that the municipal court erred in denying his motion to dismiss in that there was insufficient evidence to convict him in the first trial and it therefore violated principles of double jeopardy to subject him to a second trial on the same criminal charge. We disagree.
A mayor's court is a court of limited jurisdiction and may only exercise powers conferred by statute, Oakwood v. Wulinger (1982),69 Ohio St.2d 453. This jurisdiction includes any prosecution for the violation of an ordinance of the municipal corporation. R.C. 1905.01(A). A mayor's court, however, is not a court of record. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 59. Thus, R.C. 1905.25 provides a mechanism for an appeal from a decision of a mayor's court and the case proceeds as a trial de novo.
The United States Supreme Court has held that a two-tier system for adjudicating less serious criminal cases, wherein a criminal defendant may be tried in a lower tier court and, upon conviction, appeal to a court of general criminal jurisdiction where the defendant is entitled to a trial de novo, does not violate the Double Jeopardy Clause. Ludwig v. Massachusetts (1976), 427 U.S. 618, 631-632, 96 S.Ct. 2781, 2788-2789,49 L.Ed.2d 732, 742; Colten v. Kentucky (1972), 407 U.S. 104, 119,92 S.Ct. 1953, 1961, 32 L.Ed.2d 584, 595; see, also, Justices of Boston Municipal Court v. Lydon (1984), 466 U.S. 294, 304, 104 S.Ct. 1805, 1811,80 L.Ed.2d 311, 322. The Sixth District Court of Appeals likewise was presented with the same argument advanced by appellant in this case. Basing its decision on Ludwig and Colten, it found that Ohio's two-tier system did not violate the Double Jeopardy Clause. Portage v. Belcher (1996), 117 Ohio App.3d 90; see, also, Fayettesville v. Watson (Oct. 12, 1992), Brown App. No. CA92-03-006, unreported, 1992 Ohio App. Lexis 5210. We agree. Appellant's decision to be tried de novo under R.C.1905.23 places him in no different position than a convicted defendant who successfully appeals on the basis of the trial record, gains a reversal of his conviction and a remand of his case for a new trial. Under such circumstances, the state may reprosecute without fear that there has been a violation of the Double Jeopardy Clause. Ludwig,427 U.S. at 631-632.
Consequently, appellant was not placed in jeopardy twice and therefore it was not error for the municipal court to deny appellant's motion to dismiss on that basis.[2]
Appellant's sole assignment of error is not well taken and is overruled.
First, appellant did not raise this constitutional challenge below and we need not consider it for the first time on appeal. See State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Second, appellant has presented no evidence to suggest that DePiero is applicable in this case. We therefore express no opinion as to the constitutionality of mayors' courts.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.
[1] In the court below, appellant also argued that his speedy trial rights were violated under R.C. 2945.71. He has abandoned this argument on appeal.
[2] At oral argument, appellant challenged the constitutionality of R.C. Chapter 1905, in its entirety, and cited DePiero v. Macedonia (C.A.6, 1999), 180 F.3d 770 as his authority. The DePiero court found the a criminal defendant tried in a mayor's court was denied due process when the city's mayor, who was vested with broad executive and administrative powers, presided over the defendant's trial. Finding that the mayor was placed in two practically and seriously inconsistent positions, one partisan and the other judicial, the DePiero court concluded that the mayor lacked authority to preside over the mayor's court under the facts of that case. We decline appellant's invitation to review the constitutionality of the mayors' courts at this time.