JOURNAL ENTRY and OPINION
{¶ 1} The city of Olmsted Falls charged defendant Erin O'Brien with a failure to yield the right of way, a violation of Olmsted Falls Ordinance No. 432.21(a), after she and another motorist were involved in a traffic accident. O'Brien appeared before the Olmsted Falls Mayor's Court and pleaded not guilty. The mayor's court then transferred the case to the Berea Municipal Court. After a trial on the merits, the court found O'Brien guilty. She appeals and sets forth several assignments which we need not consider, as we find a procedural defect in the transfer from the mayor's court which requires us to vacate the conviction and remand for further proceedings.
 {¶ 2} R.C. 1905.032(B)(1) states that upon the transfer of a case by a mayor, "[t]he mayor shall certify all papers filed in the case, together with a transcript of all proceedings, accrued costs to date, and the recognizance given, to the court to which the case is transferred." These rules have particular applicability in matters involving transfers to municipal courts, as the transfer of a case pursuant to R.C. 1905.032
from the mayor's court to the municipal court is a "removal" within the meaning of the speedy trial statute, R.C. 2945.72(F), and the period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court. SeeBrecksville v. Cook, 75 Ohio St.3d 53, 1996-Ohio-171, syllabus.
 {¶ 3} Because a mayor's court is not a court of record, it is not required to keep a journal. Blue Ash v. Madden (1982), 8 Ohio App.3d 312. The mayor of a municipal corporation must, however, keep a docket. See R.C. 1905.21. When a party files a notice of appeal from a mayor's court, the clerk of the mayor's court must make a certified transcript of the proceedings. R.C. 1905.24. If the court certifies a copy of the criminal docket sheet, that may be sufficient evidence to indicate a record of its official proceedings. Blue Ash v. Madden,8 Ohio App.3d at 313. The use of the word "certify" when considered by its ordinary meaning, requires the mayor to attest to the veracity of the transcript in writing. See, e.g., State v. Bertram, 80 Ohio St.3d 281, 283,1997-Ohio-114 (noting that the use of the term "certify" in Crim.R. 12(J) means "to attest esp. authoritatively or formally: * * * to confirm or attest often by a document under hand as being true, meeting a standard, or being as represented.")
 {¶ 4} O'Brien appeared before the mayor's court and pleaded not guilty. The mayor's court purported to transfer the case to the Berea Municipal Court, but did not sign the transfer entry or otherwise attest to the date of transfer. The signature and date lines of the "transfer entry" are blank (the form does at least contain O'Brien's name, vital statistics, the offense and her plea), and the only court notation appearing on it is a stamp from the Berea Municipal Court showing the date on which that court received the transfer entry.
 {¶ 5} We are aware that this case involves a transfer to the municipal court and not an appeal; however, we see no distinction between the two that would absolve the mayor's court of the responsibility to sign and certify its docket before transferring the case to the municipal court. May.R. 12(D) states, "[t]he mayor shall make a judgment or journal entry with regard to each case of which the mayor disposes. The entry shall indicate a finding of guilt, innocence, or dismissal without a finding, the disposition of the case, and other required information. The entry shall be signed by the mayor and journalized on the record." If the prerequisites for appeal, or as in this case, a transfer, are not met, the municipal court is deprived of jurisdiction because no viable transfer occurred. See Village of Indian Hill v. Wiebold (Jan. 23, 1998), Hamilton App. No. C-970124.
 {¶ 6} Absent a signature or certification, the case did not become final in the mayor's court; hence, the municipal court did not obtain subject matter jurisdiction over the case, and any proceedings that occurred there were a nullity. As the court stated in Indian Hill,
"[w]hile R.C. 1905.22 provides jurisdiction to a municipal court to receive an appeal from a mayor's court, there must be something from which to appeal. There can be no appeal from, as here, a nullity." Id., unreported at 11.
 {¶ 7} We therefore vacate O'Brien's conviction and remand the matter back to the mayor's court for further proceedings.
 {¶ 8} This cause is vacated and remanded for further proceedings consistent with this opinon.
It is, therefore, ordered that said appellant recover of said appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., Concur.