{¶ 1} This matter comes for consideration by this Court on the petition for a writ of mandamus filed by Relators, Law Office of the Public Defender for Montgomery County. Relators filed their petition against Respondents, Robert Rosencrans, Mayor of Moraine and the City of Moraine, on March 16, 2004. Respondents filed a motion to dismiss the petition on April 13, 2004, which we overruled on May 5, 2005. In accordance with Local Appellate Rule 8, the parties have timely submitted their evidence and briefs, and the matter is ripe for resolution by this Court.
 {¶ 2} Relators request that this Court issue a writ of mandamus directing the Respondents to "hold Moraine Mayor's Court in an open public forum, to turn on sound equipment and to record Mayor's Court proceedings." Respondents have answered that Moraine Mayor's Court is held in an open public forum, thus the claim is moot, and that Mayor's Court Rules make turning on the sound equipment and recording the proceedings discretionary and thus mandamus will not lie.
 {¶ 3} The following are our findings of fact relevant to the present action: Relators are the Law Office of the Public Defender for Montgomery County, Ohio and Glen H. Dewar, an Attorney-at-Law and the Public Defender of Montgomery County, Ohio. (Complaint ¶ 1).
 {¶ 4} Respondents are Robert Rosencrans, the duly elected Mayor of Moraine, Ohio and the City of Moraine. Robert Rosencrans, as Mayor, conducts the Moraine Mayor's Court. (Id. at ¶ 2).
 {¶ 5} The Moraine Mayor's Court is held at the council chambers within the Municipal Building located at 4200 Dryden Road, Moraine, Ohio. (Id. at ¶ 3). The proceedings of the Moraine Mayor's Court are governed by Ohio Revised Code § 1905.01 et.seq. and the Mayor's Court Education and Procedure Rules, as promulgated by the Ohio Supreme Court. (Id. at ¶ 4).
 {¶ 6} During Robert Rosencrans's tenure as Mayor the practice of bringing prisoners into open court ceased. (Rosencrans Depo. 88, lines 15-19). However, the Mayor has now resumed bringing prisoners into open court for legal proceedings. (Id. at 99, lines 10-24). Further, the Mayor and the City of Moraine have admitted in their Answer to Relator's petition that they have a duty to conduct all proceedings in an open, public forum. (Answer ¶ 3).
 {¶ 7} The Moraine Mayor's Court is held in the city council chambers which contains a sound system that is always turned on during a city council meeting. (Hicks Depo. 12, line 3). That sound system is routinely not turned on for proceedings in the Moraine Mayor's Court. (Rosencrans Depo. 78-79). The Mayor chooses not to turn on the existing system because he does not "want everyone in the courtroom to know what they are being charged with." (Id. at 79, lines 8-9). Additionally, the Mayor believes that he is not required to turn on the sound system. (Id., lines 16-25).
 {¶ 8} The council chambers does contain recording equipment that is used for city council meetings. (Hicks Depo. 77). The sound and recording systems are apparently linked, thus when the sound system is not turned on the recording system is also not turned on.
 {¶ 9} Based on the aforementioned facts the Relators seek a writ of mandamus ordering the Moraine Mayor's Court to bring all prisoners into open court, and to turn on the sound and recording system for all proceedings in Mayor's Court.
 {¶ 10} To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law.State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486, 487,659 N.E.2d 1279.
 {¶ 11} Initially, we must address whether the Public Defender's Office may bring an original action when it does not have a "beneficial interest" in the litigation. It is not required that the Public Defender's Office have a "beneficial interest" if it is attempting to enforce a "public right." SeeState ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999),86 Ohio St.3d 451, 475. To bring a mandamus action to enforce a "public right" it is only necessary that the relator is an Ohio citizen. Id. Public access to criminal proceedings is a public right based on the premise that "[c]riminal cases are prosecuted in the name of the people because crimes are public wrongs affecting all members of society." In re T.R., a Juvenile, Stateex rel. Dispatch Printing Company v. Solove, Judge (1990),52 Ohio St.3d 6, 13.
 {¶ 12} As the Montgomery County Public Defender's Office is an agency which is statutorily mandated to defend indigent persons in criminal offenses, we hold that it has a clear legal right to bring a mandamus action to ensure public access to the Moraine Mayor's Court.
 {¶ 13} In addition to the Public Defender's Office having a legal right to bring this action, it must also be shown that the Moraine Mayor's Court has a clear legal duty to perform the requested acts, in order for the extraordinary relief of mandamus to lie. In essence, the Public Defender's Office seeks three separate actions from the Moraine Mayor's Court: (1) that all criminal defendants are brought into court for their proceedings; (2) that the sound amplification system is turned on so that the public may hear the court proceedings; and (3) that the proceedings which occur in Moraine's Mayor's Court are recorded.
 {¶ 14} The Public Defender's Office's first request is that all criminal defendants be brought into open court. Mandamus will not lie to compel an act which has already been performed. Stateex rel. Hamilton v. Brunner (2005), 105 Ohio St.3d 304, 305,2004-Ohio-1735. In other words, mandamus is inappropriate to secure resolution of issues which have become moot while pending before a court of appeals. State ex rel. Gantt v. Coleman
(1983), 6 Ohio St.3d 5.
 {¶ 15} It is undisputed that the Mayor is currently bringing all criminal defendants into open court. Further, the Mayor and the City of Moraine have admitted in their answer to Relators' complaint, and we agree with their admission, that they have a duty to conduct all court proceedings in open and bring all criminal defendants into open court. Therefore, as the requested act is being performed by the Mayor, the issue is moot and mandamus will not lie.
 {¶ 16} The Public Defender's Office also seeks an order from this Court requiring Moraine Mayor's Court to turn on its sound system for all court proceedings. The Public Defender's Office relies on Mayor's Court Rule 11(B)(2) which states, in part, that "[a]ll participants must be able to hear and be heard. If the room acoustics are unsatisfactory, an efficient public address system shall be provided."
 {¶ 17} At issue is whether the term "participants" is limited to the Mayor, the Prosecutor, the Defendants and their attorneys; or whether the term "participants" includes the public at large which may observe the court proceedings. Unfortunately, the Mayor's Court Rules fail to provide a definition of the term "participant."
 {¶ 18} The words in statutes or rules of procedure must be given their "plain and ordinary meaning, unless legislative intent indicates otherwise." Union Rural Elec. Coop., Inc. v.Pub. Util. Comm. (1990), 52 Ohio St.3d 78. If the rule conveys a meaning which is clear and unequivocal, then the interpretation is at an end. Provident Bank v. Wood (1973), 36 Ohio St.2d 101,105-106. However, if the term is ambiguous, a court should look at all words used in the rule and ensure that all words have effect and no part of the rule is disregarded. D.A.B.E., Inc. v.Toledo-Lucas Cty. Bd. of Health (2002), 96 Ohio St.3d 250, 254,2002-Ohio-4172.
 {¶ 19} It is important to note that a writ of mandamus is an extraordinary remedy which should be granted with caution. Stateex rel. Brown v. City of Canton (1980), 64 Ohio St.2d 182, 185
(C.J. Celebreeze, dissenting). The respondent must have a clearlegal duty to perform the requested act for the relator to be entitled to the extraordinary remedy of mandamus. State ex rel.Luna, 74 Ohio St.3d at 487 (emphasis added).
 {¶ 20} The word "participant" is defined as "one that participates, shares, or takes part in something." AmericanHeritage Dictionary (4th ed. 2000). The terms "participants," "public" and "parties and counsel" are used throughout Mayor's Rule 11. We conclude that because the Rule distinguishes between the "public" and "participants," the plain and ordinary meaning of "participant" does not include the public at large. We believe it is more logical to read the term "participant" as a reference to those who take an active role in the outcome of the trial such as the parties, counsel, Mayor, Mayor's staff and any witnesses who actually "take part" in the proceedings.
 {¶ 21} Thus, we conclude that based on our reading of Mayor's Rule 11(B)(2), the Mayor does not have a "clear legal duty" to turn on the sound system. The Relators have failed to show that any "participants," as we understand the word, are unable to hear the proceedings.
 {¶ 22} We do note, however, that as a functioning sound system is in place, and it only requires the flip of a switch to activate the sound system, it would seem to be good practice to turn on the sound system for Mayor's Court proceedings. But, based on our interpretation of the Rule, we can not say that there is a clear legal duty for the Mayor to turn on the sound, thus the extraordinary remedy of mandamus will not lie.
 {¶ 23} Finally, the Public Defender's Office asserts that the Moraine Mayor's Court is required by law to record all proceedings before it. The Public Defender's Office states that Mayor's Courts are governed by the Ohio Rules of Criminal Procedure and that the Rules of Criminal Procedure "require a court to record certain matters, and by implication, all matters."
 {¶ 24} However, we agree with Respondents that a Mayor's Court is not a court of record. Portage v. Belcher (1996),117 Ohio App.3d 90, 91-92. A Mayor's court is only required to keep a docket, but not a journal. City of Blue Ash v. Madden (1982),8 Ohio App.3d 312, 313. This distinction requires the Mayor's court to list on its appearance docket any appearances, papers, orders, verdicts and judgments; it does not require the court to actually have signed journal entries of all these items. See e.g., Cityof North Ridgeville v. Smith (Feb. 21, 2001), Lorain App. No. 00CA7579 (examining the difference between a court journal and an appearance docket).
 {¶ 25} In addition to the fact that a Mayor's Court is not a court of record, the Mayor's Court Rules do not require that a recording system be provided. Mayor's Court Rule 11(B)(2) states in part that "[a]n audio system to record mayor's court proceedings should be provided and tapes of proceedingsshould be maintained. . . ." (emphasis added). Thus, the language of the Rule is clearly discretionary, not mandatory, and the Mayor is not required to have in place a recording system.
 {¶ 26} Accordingly, as the Mayor's Court is not a court of record, and the Mayor's Court Rules do not require a recording system, the Mayor does not have a "clear legal duty" to turn on the recording system.
 {¶ 27} As we have previously noted, the sound system in place at the Moraine city council chambers, where Mayor's Court is conducted, is apparently also a functioning recording system. Additionally, although we hold that there is no clear legal duty to turn on the sound system, we believe it would be good practice to do so, and accordingly this practice would also include using the recording system which is part of the sound system already in place. However, as there is no clear legal duty to turn on the recording system, the extraordinary remedy of mandamus will not lie.
 {¶ 28} In sum we conclude that the Public Defender's first request that all defendants be brought into open court is moot as the Mayor is currently doing so, and has admitted that he has a duty to continue bringing defendants into open court. Further, as there is no clear legal duty to perform the other requested acts, to turn on the sound system and record proceedings before the Moraine Mayor's Court, mandamus will not lie.
 {¶ 29} As a result of our determination that there is no clear legal duty to perform the requested acts, it is unnecessary for us to address whether the Public Defender's Office has an adequate remedy at law available to it.
 {¶ 30} Wherefore, the requirements for the extraordinary relief of mandamus having not been satisfied, a writ of mandamus shall not issue. Accordingly, Relator's petition for a writ of mandamus is DENIED and this matter is DISMISSED.
 {¶ 31} IT IS SO ORDERED.
Brogan, Presiding and Administrative Judge, Fain, Judge and Donovan, Judge.
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.