[Cite as *Blue Ash v. Hensley*, 2014-Ohio-3428.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF BLUE ASH, | : | APPEAL NO. C-130802 |
| | | TRIAL NO. M13CRB8074 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BILL HENSLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 8, 2014

*Dinsmore & Shohl LLP* and *Alicia Bond-Lewis*, for Plaintiff-Appellee,

*Robert G. Kelly*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1}   This case is about the statutory process of appealing a decision issued by a mayor's court to the Hamilton County Municipal Court.  We are asked to determine what is necessary to confer jurisdiction on the municipal court in an appeal from a mayor's court judgment, as well as what documents must be contained in the certified transcript of the mayor's court proceedings.

{¶2}   We hold that the trial court properly acquired jurisdiction over defendant-appellant Bill Hensley's appeal from the city of Blue Ash mayor's court once Hensley filed his statutorily required notice of appeal.  We further hold that, although the transcript of the proceedings that had been filed was incomplete because it did not contain a judgment reflecting that Hensley had been found guilty in mayor's court, Hensley waived any objection on that ground by failing to timely raise it prior to trial.  We consequently affirm the judgment of the trial court.

### Statement of Facts

{¶3}   In November of 2012, Hensley was cited for a violation of Blue Ash Ordinance 505.01(C)(1) for allowing his dogs to run at large.  Hensley pled not guilty, and, following a trial in the Blue Ash mayor's court, was found guilty of violating the city ordinance.  On March 27, 2013, Hensley filed his notice of appeal of the mayor's court decision.  Blue Ash then filed a certified transcript of the mayor's court proceedings.  The transcript filed by Blue Ash, as reflected in the record on appeal, contained the following documents:  (1) a paper labeled "Mayor's Court Solicitor's Form" stating Hensley's date of arraignment; (2) the mayor's certification of the transcript; (3) Hensley's notice of appeal; (4) a letter from Blue Ash to Hensley

informing him of his arraignment date in Municipal Court; and (5) the front of the citation that had been issued to Hensley.

{¶4}   On October 2, 2013, a bench trial began in the Hamilton County Municipal Court.   But after Blue Ash delivered its opening statement, Hensley requested a continuance to obtain counsel.  The trial court granted his request, and the trial was continued until October 31, 2013.  Despite Hensley's assurances that he had obtained counsel, no attorney had filed a notice of representation, nor had an attorney appeared on his behalf when the trial resumed.  Hensley orally moved the trial court to dismiss his case based on the fact that Blue Ash had failed to include in the transcript of the proceedings a document reflecting that he had been found guilty in mayor's court, as required by R.C. 1905.24.  He also argued for dismissal on the ground that his citation had failed to notify him that he could have signed a plea of guilty and paid his fine rather than appearing for trial before the mayor's court.  The trial court summarily denied both motions.   The trial resumed with Hensley proceeding pro se.  The trial court found him guilty of violating Blue Ash Ordinance 505.01(C)(1), and it imposed a fine of $50 and court costs.  It is from that judgment that Hensley has appealed, raising three assignments of error for our review.

### The Municipal Court's Jurisdiction

{¶5}   Hensley argues in his first assignment of error that the trial court erred in failing to initially determine if it had jurisdiction to hear his case.  He contends that the trial court had never acquired jurisdiction over the action because the transcript of the proceedings filed by Blue Ash did not contain any document reflecting that he had been found guilty in mayor's court.   We must determine

whether such a document was necessary to confer jurisdiction on the municipal court.

{¶6} R.C. Chapter 1905 contains Ohio's statutory scheme pertaining to mayor's courts. R.C. 1905.22 allows for the appeal of a mayor's court decision to a municipal court. R.C. 1905.23 concerns the notice of appeal that must be filed when such an appeal is taken, and provides that

> Within ten days from the time a mayor renders judgment, the appellant shall file with the mayor's court a written notice of appeal designating the order or judgment appealed from and the court to which the appeal is taken. All further proceedings in the mayor's court shall be stayed from the time of filing of the notice of appeal with the mayor's court.

{¶7} Once a notice of appeal is filed, R.C. 1905.24 requires the clerk of the mayor's court to file a transcript for the appeal. The statute states that

> Upon the filing of the notice of appeal, the clerk of the mayor's court shall make a certified transcript of the proceedings and deliver such transcript together with the original papers used on the trial, to the court to which the appeal is taken, within fifteen days from the rendition of the judgment appealed from. Upon receipt of the transcript and the papers mentioned in this section, the clerk of the court to which the appeal is taken shall file them and docket the appeal.

R.C. 1905.24.

{¶8} Hensley argues that a trial court does not acquire jurisdiction over an appeal until the clerk of the mayor's court files the certified transcript required by R.C. 1905.24, and that a certified transcript is not complete without a document reflecting the defendant's conviction in the mayor's court.

{¶9} We addressed a similar issue in *Village of Indian Hill v. Mitchell*, 1st Dist. Hamilton No. C-77851, 1978 Ohio App. LEXIS 7735 (Nov. 1, 1978). In *Mitchell*, the defendant had been convicted of a traffic offense by the mayor of Indian Hill and had appealed that conviction to the Hamilton County Municipal Court. *Id.* at *1-2. After he was again convicted in municipal court, the defendant asserted on appeal to this court that the trial court had not acquired jurisdiction over his case because Indian Hill had failed to properly transmit the required transcript of the proceedings. The transcript filed by Indian Hill contained only the front side of the citation that had been issued to the defendant. Missing from the transcript of proceedings in *Mitchell* were a notice of appeal, the mayor's certification of the proceedings and papers, and any evidence of an actual conviction in the mayor's court. *Id.* at *5. In determining that the appeal should have been dismissed by the municipal court on the ground that it did not have jurisdiction, we stated that "we have before us neither of the traditionally requisite bases for review, *viz.*, a final appealable order in the mayor's court and the mandated written notice of appeal to the Hamilton County Municipal Court." *Id.* Although we noted that both the notice of appeal and a judgment of conviction were missing from the transcript, in a footnote we alluded that the sole document necessary to vest jurisdiction was the notice of appeal. *See id.* at fn. 6.

{¶10}   Blue Ash's failure to include a judgment reflecting that Hensley had been found guilty in mayor's court did not deprive the trial court of jurisdiction over the appeal.  As will be discussed in our resolution of the second assignment of error, a failure to include the documents required by R.C. 1905.24 in the transcript of the proceedings affects whether the appeal was properly docketed in the municipal court, rather than whether jurisdiction was properly acquired.

{¶11}  We hold that jurisdiction is conferred upon a municipal court in an appeal from a mayor's court judgment once a notice of appeal that complies with the requirements of R.C. 1905.23 is filed.  The statute clearly states that the filing of the notice of appeal stays all further action in the mayor's court.

{¶12}  Here, Hensley utilized a standard notice of appeal form provided by Blue Ash.  The form contained preprinted language stating that "I, _____, defendant, hereby give notice that I appeal the Mayor's Court decision on the above case.  I request that the case be transferred to Hamilton County Municipal Court."  The form further contained a line to be completed by the defendant providing "Case No. _____," as well as a space for an applicant to fill in their personal information, such as name, address, and telephone number.  Hensley provided all required information on Blue Ash's form.   His completed notice of appeal stated that Hensley was appealing to the Hamilton County Municipal Court the judgment that had been rendered in the case numbered 2012-1713.  Although the form indicated the case number that Hensley was appealing, it did not strictly comply with the requirements of R.C. 1905.23 because it did not designate the actual order or judgment appealed from.  The form provided no place for Hensley to indicate that he had been found guilty of allowing his dogs to run at large.

{¶13} Nonetheless, we hold that Hensley's notice of appeal was sufficient to invoke the jurisdiction of the municipal court. As stated, Hensley utilized a notice of appeal form that had been provided by Blue Ash. In such a situation, any defendant could reasonably presume that the provided form would contain all the information necessary to appeal the mayor's court decision. To hold otherwise would allow Blue Ash to circumvent Hensley's appellate rights by providing him with a preprinted form that did not meet the statutory requirements to trigger the municipal court's jurisdiction.

{¶14} The trial court had properly acquired jurisdiction over Hensley's appeal from mayor's court. The first assignment of error is overruled.

### *Transcript of the Proceedings*

{¶15} Hensley argues in his second assignment of error that the trial court erred in failing to dismiss his charges and reverse his conviction because Blue Ash had failed to file a transcript of the mayor's court proceedings. But Hensley conceded in his first assignment of error that Blue Ash had filed a transcript of the proceedings. We interpret his assignment of error as contending that the trial court should have dismissed his charges as a sanction for Blue Ash failing to file a complete transcript of the proceedings that included a document reflecting that Hensley had been found guilty in mayor's court.

{¶16} The municipal court conducts a trial de novo upon an appeal from a mayor's court judgment. *See* R.C. 1905.24. It is not required to give deference to the mayor's court decision, nor is it bound by any findings of fact or conclusions of law reached by the mayor's court. With these principles in mind, it is difficult to see how

7

Hensley would be prejudiced by the absence of a judgment of conviction from the mayor's court in the transcript of the proceedings.

{¶17} However, R.C. 1905.24 requires the clerk of the mayor's court to deliver a certified transcript of the proceedings "together with the original papers used on the trial" after a notice of appeal is filed. Unfortunately, the statute does not define what documents constitute the transcript of the proceedings or what documents constitute the original papers used on the trial. Some guidance can be found in the Mayor's Court Education and Procedural Rules. May.Ed.R. 12(D), which governs the operation of a mayor's court, provides that

> The mayor shall make a judgment or journal entry with regard to each case of which the mayor disposes. The entry shall reflect a finding of guilt, innocence, or dismissal without a finding, the disposition of the case, and other required information. The entry shall be signed by the mayor and journalized on record.

May.Ed.R. 12(D) unequivocally requires the mayor to journalize an entry reflecting the outcome of each case of which he or she disposes. Given that such an entry is mandated, we hold that an entry reflecting a defendant's conviction in mayor's court is required to be included in the transcript of the proceedings that the clerk must file under R.C. 1905.24.

{¶18} R.C. 1905.24 provides that the clerk of the court to which the appeal from a mayor's court is taken, in this case the municipal court clerk, shall docket the appeal upon receipt of the transcript of the proceedings. Here, the clerk of the municipal court acted prematurely in docketing the appeal because the transcript of the proceedings was incomplete. We realize that an incomplete transcript of the

8

proceedings will generally not be apparent on its face to the clerk of the court in which it is filed. So in cases where an incomplete transcript has been filed, we hold that the appellant bears the burden of objecting to the incomplete nature of the transcript.

{¶19} In this case, Hensley made an oral motion to dismiss his charges based on the incomplete transcript on October 31, immediately prior to the continuation of his trial and Blue Ash's presentation of its first witness. Crim.R. 12(C) provides that any objections based on defects in the institution of the proceedings must be raised in a pretrial motion. *See* Crim.R. 12(C)(1). And Crim.R. 12(D) states that such pretrial motions must be made "within thirty-five days after arraignment or seven days before trial, whichever is earlier."

{¶20} Hensley failed under Crim.R. 12(D) to timely raise his motion to dismiss based on the incomplete transcript. Consequently, the trial court did not err in failing to dismiss his charges on that ground. The second assignment of error is overruled.

### Deficient Citation

{¶21} In his third assignment of error, Hensley argues that the trial court erred in failing to dismiss his charges because the citation that he had been issued did not contain the required statutory language pursuant to R.C. 2935.26.

{¶22} R.C. 2935.26 provides that a citation issued for a minor misdemeanor shall contain "a notice that the offender may comply with division (C) of this section in lieu of appearing at the stated time and place." *See* R.C. 2935.26(B)(5). The required language from R.C. 2935.26(C) is as follows:

In lieu of appearing at the time and place stated in the citation, the offender may, within seven days after the date of issuance of the citation, do either of the following:

(1) Appear in person at the office of the clerk of the court stated in the citation, sign a plea of guilty and a waiver of trial provision that is on the citation, and pay the total amount of the fine and costs;

(2) Sign the guilty plea and waiver of trial provision of the citation, and mail the citation and a check or money order for the total amount of the fine and costs to the office of the clerk of the court stated in the citation.

{¶23} Only the front side of the citation that had been issued to Hensley was included in the transcript of the proceedings filed by Blue Ash, and was made part of the record on appeal. The front of the citation does not contain the language required by R.C. 2935.26. Hensley made an oral motion for the trial court to dismiss his charges based on the absence of this required information on his citation just prior to Blue Ash's presentation of its first witness. Under Crim.R. 12(C)(2), objections based on defects in the indictment, information, and complaint must be raised in a pretrial motion. But because Hensley waited until the day that his trial began to raise this motion, it was untimely under Crim.R. 12(D). The trial court did not err in failing to dismiss Hensley's charges based upon the apparent lack of the required statutory language on the citation. The third assignment of error is overruled.

{¶24} Having overruled Hensley's assignments of error, we accordingly affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.