[Cite as *Village of Evendale v. Lindsey*, 2018-Ohio-2311.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VILLAGE OF EVENDALE, OHIO, | : | APPEAL NO. C-170455 |
| | | TRIAL NO. 17CRB-9976 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| STACIA LINDSEY, | : | |
| Defendant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 15, 2018

*Sandra R. Kelly-Schilling*, Prosecutor for the Village of Evendale, for Plaintiff-Appellant.

**DETERS, Judge.**

{¶1} Plaintiff-appellant the Village of Evendale, Ohio, (the "Village") appeals the trial court's judgment dismissing the Village's complaint against defendant Stacia Lindsey. Because the record does not contain a certification from the mayor's court, the municipal court lacked jurisdiction. Therefore, we reverse the trial court's judgment and remand the matter to the mayor's court.

{¶2} This action began in the Village's mayor's court. When Lindsey filed a jury demand, the Village purported to transfer this case to Hamilton County Municipal Court. The municipal court held a pretrial hearing in which it raised, sua sponte, the issue of Lindsey's speedy-trial rights. The trial court held a hearing on its own motion to dismiss, and determined that Lindsey had not been tried in mayor's court within the statutorily-prescribed 30-day period. *See* R.C. 2945.71(A). As a result, the trial court dismissed the case. The Village appeals the dismissal of its complaint. *See* R.C. 2945.67(A).

Jurisdiction in Cases Transferred from Mayor's Court

{¶3} In its first assignment of error, the Village challenges the trial court's judgment dismissing its complaint on speedy-trial grounds. The Village contends that the instant case was transferred to municipal court from mayor's court when Lindsey requested a jury trial, because a mayor's court is not a court of record. *See Greenhills v. Miller*, 20 Ohio App.2d 313, 253 N.E.2d 311 (1st Dist.1969). R.C. 1905.032 applies to cases transferred from mayor's court to municipal court, county court, or a court of common pleas. R.C. 1905.032(B)(1) states that upon the transfer of a case by a mayor, "[t]he mayor shall certify all papers filed in the case, together with a transcript of all proceedings, accrued costs to date, and the recognizance

given, to the court to which the case is transferred." Furthermore, the Ohio Supreme Court promulgates rules governing mayor's courts—the Mayor's Court Education and Procedure Rules. *See Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 2. May.Ed.R. 12(D) provides that "[t]he mayor shall make a judgment or journal entry with regard to each case of which the mayor disposes. The entry shall indicate a finding of guilt, innocence, or dismissal without a finding, the disposition of the case, and other required information. The entry shall be signed by the mayor and journalized on the record."

{¶4} Applying R.C. 1905.032(B)(1) and May.Ed.R. 12(D), the Eighth Appellate District held that the municipal court lacked jurisdiction over a case transferred from mayor's court where the mayor failed to sign a transfer entry or attest to the date of transfer. *See Olmsted Falls v. O'Brien*, 8th Dist. Cuyahoga No. 84926, 2005-Ohio-1317. The appellate court noted the particular importance of the certification requirement in criminal matters transferred to municipal court, because the Ohio Supreme Court has held that a transfer of a case pursuant to R.C. 1905.032 is a "removal" within the meaning of the speedy-trial statute, R.C. 2945.72(F), and thus the speedy-trial clock is tolled from the date of arrest or summons to the date the mayor's court certifies the case to the municipal court. *Id.* at ¶ 2, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 661 N.E.2d 706 (1996), syllabus.

{¶5} This court has not discussed the effect of a mayor's failure to comply with R.C. 1905.032(B)(1) on the jurisdiction of a trial court, although this court has held that a mayor's failure to comply with May.Ed.R. 12(D) did not affect the jurisdiction of a trial court in an appeal from mayor's court, because jurisdiction in an appeal from mayor's court is conferred upon the filing of a notice of appeal under

R.C. 1905.23. *See Blue Ash v. Hensley*, 2014-Ohio-3428, 17 N.E.3d 1180 (1st Dist.). In a transfer from mayor's court under R.C. 1905.032, a party is not required to file a notice of appeal, therefore the pertinent jurisdictional document under R.C. 1905.032(B)(1) is the mayor's court certification. Thus, we follow the Eighth District, and hold that a trial court lacks jurisdiction over a case transferred from mayor's court where the mayor fails to certify the case upon transfer as required by R.C. 1905.032(B)(1).

{¶6} In this case, although some papers purportedly from the Village's mayor's court were filed in the trial court and appear in the transcript of the docket, the record lacks a certification from the mayor transferring the case. Therefore, because the Village's mayor's court never certified the case to the municipal court, the municipal court lacked jurisdiction in this case. *See Olmsted Falls*, 8th Dist. Cuyahoga No. 84926, 2005-Ohio-1317, at ¶ 7.

{¶7} In conclusion, we sustain the Village's first assignment of error. The Village's second assignment of error, which asserts that the trial court lacked authority to sua sponte dismiss the case, is rendered moot. *See* App.R. 12(A)(1)(c). The trial court's judgment is reversed and the matter is remanded to the mayor's court with instructions to comply with R.C. 1905.032(B)(1).

Judgment accordingly.

MOCK, P.J., and ZAYAS, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.